J. N. GREER v. J. H. CAGLE.

*Equitable Jurisdiction—Consent of Parties.*

1. Where a court has jurisdiction of the subject matter, the consent of parties can give it jurisdiction over the particular action.

2. The superior court has exclusive jurisdiction of the subject matter of an action brought by a creditor of an intestate's estate against the administrator, where it is alleged that the intestate in his life time bought certain land and being insolvent and intending to defraud creditors procured the deed to be made to his son who became his administrator, and judgment demanded that he be declared a trustee and the said land be sold to pay intestate's debts. The right of creditors to subject this land is independent of the statute defining what lands may be sold for assets under a license from the probate court, and can only be enforced by a court of original equitable jurisdiction, such as does not attach to a court of probate.

3. Suggestion of the court to the parties as to the further conduct of the cause.

(*Rhem* v. *Tull*, 13 Ired., 57 ; *Smitherman* v. *Allen*, 6 Jones Eq., 17 ; *Wal* v. *Fairley*, 77 N. C., 105, cited and approved.)

APPEAL from an order made at Fall Term, 1880, of Transylvania Superior Court, by *Gilmer, J.*

The plaintiff being a creditor of Leonard Cagle, deceased, brought this action against the defendant as administrator of said Leonard, and in his own right, returnable to fall term, 1873, of said court. In his complaint filed at that term he alleges that the defendant's intestate had contracted with certain parties for the purchase of a tract of land, paying part of the purchase money in cash and the balance at some time afterwards, but being insolvent and intending to defraud his creditors, he did not take the title to himself, but procured it to be made to the defendant, his son, who became his administrator upon his death. And the judgment asked was, first, that the defendant might be declared

a trustee for the benefit of his intestate's creditors, and secondly, that the land might be sold and the proceeds applied to the payment of the intestate's debts. At the same term, the defendant demurred to the jurisdiction of the court, taking the ground that the probate court had exclusive jurisdiction of the subject matter.

The cause was continued from term to term until spring term, 1875, when the demurrer was withdrawn, and by consent of the parties, it was ordered that the cause be sent to the probate court and the defendant be allowed to answer, and the issues raised by the pleadings be sent up for trial at the next term of the superior court.

At fall term, 1875, an order was made giving the defendant leave to file an answer at the next term, and that the next term should be the trial term.

At spring term, 1876, the defendant filed his answer and took an order allowing him to take certain depositions, and the cause was continued from term to term until fall term, 1878, when the plaintiff had leave to take depositions.

At spring term, 1879, the record shows the following entry to have been made: "This cause is continued without prejudice, and leave is given defendant to file answer by the second day of next term as of this; all irregularities waived."

At fall term, 1879, the presiding judge made the following order: "This proceeding coming on to be heard, upon inspection of the record, pleadings, &c., it is considered by the court that no issues have been transferred to this court for trial, and that the cause is not properly on the docket of this court."

Immediately upon the making of the foregoing order, the plaintiff gave defendant notice that he would move the probate court to have the cause there docketed, and accordingly on the 19th of September, 1879, did make such motion, which was resisted by the defendant but allowed by the

clerk, and from the order docketing the same the defendant appealed to the judge of the superior court at term time.

At spring term, 1880, the defendant made an affidavit to the judge presiding, and thereon obtained an order to the effect that plaintiff should produce the prosecution bond theretofore filed and justify the same or file a new bond by Wednesday of the next term, *or this case shall stand dismissed.*

At fall term, 1880, the following order was made: "This cause coming on to be heard, by consent of parties it is treated as upon an appeal of defendant from the order of the probate court docketing the cause in that court. After hearing argument of counsel, it is adjudged by the court here that there was no error in the order of the probate court docketing the cause in that court, and said order is affirmed. It is further ordered that a writ of *procedendo* issue to said probate court to the end that the cause may be further proceeded in according to law and the practice of the court." And from this order the defendant appeals.

*Mr. Jas. H. Merrimon,* for plaintiff.
*Mr. J. J. Osborne,* for defendant.

RUFFIN, J., after stating the case. It is difficult to conceive how any cause could be conducted with so much irregularity, and so little regard to that precision which should attend the proceedings of our courts, as to make it doubtful what forum had cognizance of it; and yet so inconsistent has been the action of the parties to this cause, and so contradictory many of the orders taken during its progress, that it is brought here for us to determine, not the rights of the parties involved, but the point whether it is pending in the court of probate or in the superior court proper. Indeed the counsel for the defendant devoted his entire agument to the proposition that it had ceased to have a foot-hold in any court; that by force of the consent order of spring term, 1875, and the order of fall term, 1879, "it had been cast out

of the superior court," and that the probate court acquired no jurisdiction because of the laches of the plaintiff in having it placed upon the docket of that court.

If the subject matter of the action were such that the two courts had concurrent jurisdiction, it would not be difficult to determine the matter, for such has been the conduct of the parties in assenting either expressly or by a clear implication to the jurisdiction of both tribunals, that either one of them might very properly have assumed control of the action and considered it to its determination. The rule is, that when a court has jurisdiction of the subject matter, then the consent of the parties can give it jurisdiction over the particular action, and that this consent may be implied as a legal inference from their conduct. But of the subject matter of the action now under consideration, the jurisdiction of the two courts is not concurrent; on the contrary, the probate court has none, while that of the superior court is exclusive.

We presume it will hardly be contended that an administrator can be required at the suit of a creditor of his intestate to sell lands for assets, when upon his own petition for a like purpose he could not procure a license to sell them. And it has been decided by this court in several cases that no such license would be given under circumstances like those alleged in this complaint. The statute in defining what lands may be sold by an administrator for assets, includes not only the lands whereof his intestate died seized, but all that he may have conveyed with intent to defraud his creditors, and all rights of entry and of action, and all other rights and interest in lands which he may devise, or by law would descend to his heirs. As was decided in *Rhem* v. *Tull*, 13 Ired., 57, very soon after the adoption of the statute, no part of this description fits the lands sought to be reached by this action. The intestate did not die seized of them, nor did he ever convey them with intent to

defraud his creditors. There is no right or interest in them of any kind or character which he could devise, or which upon his death could descend upon his heirs. The right of the creditors to reach these lands is entirely independent of the statute, and existed as well before as after its enactment. It is a right to follow their debtor's money which by a fraudulent contrivance has been put into them, and it is one that can only be enforced in a court possessing an original equitable jurisdiction, such as does not attach to a court of probate under our system. *Smitherman* v. *Allen*, 6 Jones Eq., 17 ; *Wall* v. *Fairley*, 77 N. C., 105.

Our conclusion then on this part of the case, is, that the probate court had no jurisdiction of the subject matter of the action, and that the consent of the parties nor the order of the judge of the superior court could confer it upon that court ; and therefore the order of the probate judge docketing the cause, if done with a view of his taking cognizance thereof, was void, and the judgment of the superior court affirming the same, was erroneous, and especially that part of it which directed a writ of *procedendo* to issue to the probate court.

This disposes of the only point raised by the appeal, and it is therefore not incumbent on us to consider the further one, of what is to become of the action. But as we have a decided opinion in regard to it, which may save the parties from loss of time and useless litigation, we venture to express it, and leave it to their election to be governed by it or not.

Since the order made with the consent of the parties at spring term, 1875, sending the cause to the probate court, they have never ceased to treat the cause as one pending in the superior court. At fall term, 1875, the defendant obtained leave to file his answer at the following term, which was declared to be the trial term. At spring term, 1876, he filed his answer in the court during the term, and applied for leave to take depositions. At fall term, 1878, the

plaintiff had leave of the court to take depositions. At spring term, 1879, the defendant obtained leave to file another answer, and it was expressly stated on the court docket that the cause was continued without prejudice to either party, *and that all irregularities were waived.* If the jurisdiction of a court could ever be made, by the consent of the parties clearly and unequivocally expressed, to attach any cause, surely that of the superior court of Transylvania county must have attached to this one.

It is true that after all this, the judge who presided in that court at the fall term, 1879, did sign an order declaring he considered the case as not properly upon the docket of the court, but he made no order dismissing it, nor indeed any order affecting any substantial right of either party, which could afford sufficient ground for an appeal. But suppose he had done so. The defendant even after this recognized the cause as pending in the superior court, for at spring term, 1880, he filed an affidavit in the cause, in that court, as the basis for a rule on the plaintiff to file a new prosecution bond, or justify the old, on or before a given day, *or his cause should stand dismissed.* Dismissed from where? from the superior court, that court which at his instance was making the order? Under all these circumstances, it does not occur to this court that there can be any room for doubting that the cause was properly on the docket of the superior court in 1879, and that it should be so considered now, to be proceeded in according to the course of the court.

It is therefore considered that the order of the superior court affirming the action of the probate court in the premises and directing a writ of *procedendo* to issue to that court, is erroneous, and that it be so certified, that the parties may proceed in the cause as they may be advised.

Error. Reversed.