## WEBER v. HAMILTON ET AL.

1. **Mayors' Courts**: TERRITORIAL JURISDICTION. Section 506 of the
Code construed, and *held* to give to the mayors of cities and towns territorial jurisdiction, in civil as well as criminal cases, co-extensive with the
counties in which their cities and towns are severally situated.

72 577
594

*Appeal from Keokuk Circuit Court.*

THURSDAY, OCTOBER 13.

ACTION for an injunction to restrain the defendant Hamilton, as mayor of the town of Sigourney, and his successors

in office, from enforcing a certain judgment rendered against the plaintiff in the mayor's court. A temporary injunction was granted, and on motion it was dissolved. From the order dissolving the injunction the plaintiff appeals.

*Smith & Talley*, for appellant.

*A. G. Schulte*, for appellees.

ADAMS, CH. J.—The question in this case comes to us upon a certificate, which is in these words: "In a case brought by a resident within the corporate limits of the incorporated town of Sigourney, before the mayor of such corporation, against a resident of the county, but not of the corporation nor of the township in which it is situated, by notice served upon the defendant in the township of his residence, but not served within the limits of such corporation or the township where situated, upon a demand for work and labor for less than one hundred dollars, where defendant makes default, has the mayor jurisdiction?" In reply to this question, we have to say that we think that the mayor has jurisdiction in such case. It is not denied that a justice of the peace would have jurisdiction. The jurisdiction of a mayor is conferred by section 506 of the Code, and is in these words: " The mayor of each city or incorporated town shall be a magistrate and conservator of the peace, and within the same, have the jurisdiction of a justice of the peace in all matters, civil and criminal;   *   *   *   but the criminal jurisdiction hereby conferred shall be co-extensive with the county in which such city or town is situated."

The plaintiff's position is that the first part of the section is designed to provide that the mayor shall have the same jurisdiction as a justice of the peace, so far as the kind of proceedings and the amount are concerned, and was not designed to extend his civil jurisdiction to persons beyond his city or incorporated town, and that this appears from the last clause, which expressly makes the mayor's criminal

jurisdiction co-extensive with the county. But, in our opinion, the last clause is added for greater certainty and explicitness. The first clause, if taken by itself, seems to give the mayor the same jurisdiction as a justice of the peace, and we do not think that we should be justified in holding it to be less in civil cases, by reason of any implication which might be thought to arise from the last clause. We have no doubt that mayors have frequently taken jurisdiction in cases like this, and we feel somewhat reluctant to adopt a construction so doubtful as that contended for, which might render void many judgments now relied upon.

AFFIRMED.