MILNER v. THE CHICAGO, MILWAUKEE AND ST. PAUL
RAILWAY COMPANY.

1. **Jurisdiction:** OF DISTRICT COURT AT AVOCA : CAUSE TRANSFERRED BY AGREEMENT. This action for damages was begun in Shelby county, and, by agreement of parties, it was transferred to the circuit court of Pottawattamie county, at Avoca. Afterwards, by chapter 134, Laws of 1886, the circuit courts of the state were abolished, and their powers transferred to the district courts ; and it was provided that the district court of the counties should be held at other places than county seats where the circuit court was

authorized to be held, and should hear and determine civil causes at such places, only as the circuit court had done. Avoca is not a county seat, and the circuit court at that place was established for the transaction of business arising in that part of the county east of the west line of range forty. *Held* that the district court at Avoca had jurisdiction to hear and determine this cause,—the subject-matter being within its jurisdiction, and the jurisdiction of the parties being conferred by the agreement to transfer it to the circuit court. (*Cerro Gordo County v. Wright County*, 59 Iowa, 485, *distinguished.*)

2. **District Court at Avoca:** LIMITING JURISDICTION: CONSTITU-TIONALITY It is competent for the legislature to determine that terms of the district court may be held at places other than county seats for the transaction of certain business and the trial of particular cases; and so chapter 134, Laws of 1886, in so far as it authorizes the district court to be held at Avoca, in Pottawattamie county, but limiting it to such business as the circuit court at that place was authorized to transact, is not repugnant to section 6, article 5, of the constitution, conferring general jurisdiction upon the district court.

3. ———: AS SUCCESSOR TO CIRCUIT COURT. Section 17, chapter 134, Laws of 1886, providing that all laws inconsistent with that chapter were thereby repealed, did not, upon its taking effect, July 4, 1886, operate to abolish the circuit court at Avoca, because section 1 of said act provided that the circuit court should not be abolished until January 1, 1887; and, by the terms of said act, a cause pending in the circuit court at Avoca at the time the act took effect passed to the jurisdiction of the district court, which was provided to succeed the circuit court at that place.

*Appeal from Pottawattamie District Court at Avoca.*
HON. A. B. THORNELL, Judge.

FILED, MAY 29, 1889.

THIS is an action for damages alleged to nave oeen sustained by the plaintiff by reason of the negligence of the defendant in the shipment of two car loads of horses from Chicago, Illinois, to Sanborn in this state. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*Wright, Baldwin & Haldane,* for appellant.

*Fremont Benjamin,* for appellee.

ROTHROCK, J.—This action was originally commenced in the Shelby district court by the filing of a petition and the service of an original notice upon the defendant. The defendant appeared to the action on the thirteenth day of January, 1885, and by an agreement of the parties the cause was transferred to the circuit court of Pottawattamie county, at Avoca, the issues to be made in that court, and the original papers to be sent with transcript of the record. On the fifteenth day of January, 1888, the plaintiff filed in the district court at Avoca an amended and substituted petition, and on the same day the defendant filed an answer which was a general denial. On the twenty-second day of February of the same year the defendant filed a motion to dismiss the action, which motion is in these words: "Comes now the defendant in the above-entitled action and moves the court to dismiss the cause at the plaintiff's costs, and for grounds therefor states : (1) That it is provided by chapter 198 of the Laws of the Twentieth General Assembly of the state of Iowa that the circuit court in Pottawattamie county, Iowa, at Avoca, shall have jurisdiction only of such civil causes as arise in the territory in said county east of the west line of range forty ; and it appears from the plaintiff's petition filed herein that the cause of action set forth therein did not arise in the territory of Pottawattamie county, Iowa, east of the west line of range forty. (2) That the court has no jurisdiction either of the subject-matter of this controversy or of the parties hereto, for that it appears from the amended and substituted petition filed herein, and the affidavit of John N. Baldwin, hereto attached, that the causes of action set forth in plaintiff's amended petition arose in O'Brien county, state of Iowa. That the defendant has no residence, line of railway, property, office or agent in the territory of Pottawattamie county, Iowa, east of the west line of range forty ; and that the plaintiff was at the time of the commencement of this suit, and now is, a resident of Osceola county, Iowa ; and, under the act

of the general assembly of the state of Iowa first above refered to, no jurisdiction can be had by the court at Avoca to hear and determine this cause. (3) That this court has no jurisdiction of this cause for that the circuit court at Avoca was created and established by chapter 198 of the Laws of the Twentieth General Assembly of the state of Iowa, and that by chapter 134 of the Acts of the Twenty-first General Assembly the circuit court of the state of Iowa was abolished, and in said act it was provided that the district court of the counties should be held at other places than county seats where the circuit court was authorized to be held. That the district court of the state of Iowa is a constitutional court. That this court at Avoca has now no more lawful or legal existence, for that chapter 134 of the Acts of the Twenty-first General Assembly of the state of Iowa, in so far as it transfers the powers and jurisdiction of the district court to be held at county seats where the circuit court was authorized to be held, is contrary and repugnant to section 6 of article 5 of the constitution of the state of Iowa, and operates to create a court of partial and limited jurisdiction, and that therefore this act is unconstitutional and void. (4) That this court has no jurisdiction to hear and determine this action, for that this court has no legal existence. That there is no statute of the state of Iowa authorizing the holding of terms of the district court of Pottawattamie county, Iowa, at Avoca. (5) That this court has no jurisdiction of this cause, or to hear and determine the same, under and by virtue of the provisions of chapter 198 of the Acts of the Twentieth General Assembly, and chapter 134 of the Acts of the Twenty-first General Assembly of the state of Iowa, for that said acts are unconstitutional and void, because they operate to establish a court of partial, restricted and limited jurisdiction, and are in violation of the provisions of section 6, of article 5, of the constitution of the state of Iowa."

I. The motion was overruled, and the question presented by this appeal involves the correctness of this

**1. JURISDICTION: of district court at Avoca: cause transferred by agreement.** ruling. Counsel for appellant contend that the district court at Avoca had no jurisdiction to try and determine the action, and that the consent of the parties to transfer the cause to that court did not confer jurisdiction thereof. The circuit court at Avoca was created by chapter 198 of the laws of 1884. Section 3 of that act provided that said court should have "original and exclusive jurisdiction * * * of all civil causes, including appeals and writs of error from inferior courts and other tribunals, and guardianship and probate matters, arising in the territory in said Pottawattamie county east of the west line of range forty." The object of this act was to divide the county of Pottawattamie for judicial purposes. The court to be held at Avoca had original and exclusive jurisdiction, and the other jurisdiction specified within the territory named to the same extent, and as complete and ample as the circuit court held at Council Bluffs had within the territory west of the west line of range 40. The act above cited was a provision for holding the circuit court for that county at two places, and it prescribed the territory from which the judicial business at each place should be transacted. The act was held to be constitutional in the case of *Cooper v. Mills County,* 69 Iowa, 350. This cause of action arose in O'Brien county; that is, the horses which were shipped, and for the negligent carrying of which damages are claimed, were delivered to the plaintiff in that county. But it is not claimed that the action was not properly commenced in Shelby county. The contention is that the circuit court at Avoca had no jurisdiction of the action because it had no power to try and determine any action unless it arose in the territory in said county east of the west line of range 40. We think it is quite plain that this position cannot be sustained. This is an ordinary action for damages against a common carrier for failure to properly transport and deliver freight. The circuit court at Avoca had complete jurisdiction to try all cases of that character; that is, it had power to hear and determine the action. The

case of *Cerro Gordo County v. Wright County*, 59 Iowa, 485, cited by counsel for appellant, is not at all in point upon that question. That was a case where it was held that consent of the parties could not give a court jurisdiction over the subject-matter of an action. It was a special proceeding, the subject-matter of which was within the exclusive jurisdiction of the circuit court. The proceeding was commenced in the circuit court, and by agreement the cause was sent to the district court of another county. That court had no jurisdiction of a proceeding of that kind, and it was held that consent would not confer jurisdiction. If the case at bar had been a criminal action, and had been transferred to the circuit court at Avoca, appellant's motion would have been well taken, because that court had no jurisdiction of the subject-matter of a criminal action. It is always important in determining the jurisdiction of a court to distinguish between jurisdiction of the subject-matter and jurisdiction of the person. There can be no question that the court had jurisdiction of the defendant in this case. The action was properly brought in Shelby county. It was competent to change the venue of the action to the circuit court of another county, no matter whether the court in that other county had original jurisdiction of the defendant or not, and if the venue could be changed by an order of the court upon a proper showing, it was competent to make the transfer by consent.

II. By chapter 134 of the Acts of the Twenty-first General Assembly, the circuit courts of the state were abolished, and it was provided in said act that the district court of the counties should be held at other places than county seats where the circuit court was authorized to be held, and that the district court should hear and determine civil causes, including probate, only as theretofore exercised at such places by the circuit court. It is claimed that this is repugnant to section 6, article 5, of the constitution, because it creates a district court to

2. DISTRICT court at Avoca: limiting jurisdiction: constitutionality.

be held at Avoca, with limited jurisdiction. That provision of the constitution is as follows: "The district court shall be a court of law and equity, which shall be distinct and separate jurisdictions, and have jurisdiction in civil and criminal matters arising in their respective districts, in such a manner as shall be prescribed by law." It is urged that, if the legislature provides that terms of the district court shall be held at places other than county seats, the law is unconstitutional, unless the court is authorized at such terms to transact all the business and try all cases which may be tried at terms held at the county seat. We do not think this claim can be sustained. It appears to us that it was competent for the legislature to determine that terms of the court may be held at places other than the county seat for the transaction of certain business, and for the trial of particular classes of cases. The power is plainly given by the language of said section to prescribe by law the manner in which the jurisdiction shall be exercised. The case of *Laird v. Dickerson*, 40 Iowa, 670, cited by counsel for appellant, is not in point on this question.

III. This cause was tried in the court below in the month of February, 1888. Chapter 134 of the Acts of the Twenty-first General Assembly took effect on the fourth day of July, 1886. It is urged that, because by section 17 of the act all laws inconsistent therewith were repealed, the circuit court was thereby abolished; and that the act of the twentieth general assembly, providing for terms of said court at Avoca, was repealed; and that since that repeal there has never been any law enacted establishing a court at that place. There are two sufficient answers to this position: (1) Section 1 of the act of the twenty-first general assembly provided that the circuit court should not be abolished until January 1, 1887; and (2) the repealing clause did not take effect until July 4, 1886. We think the district court rightfully overruled the motion. AFFIRMED.

3. ——: as successor to circuit court.