DEERE, WELLS & COMPANY, Appellee, v. CITY OF COUNCIL BLUFFS *et al.*, Appellants.

86 591
a90 737

Mayors: JURISDICTION AS MAGISTRATES IN POTTAWATTAMIE COUNTY. Chapter 198 of Acts of the Twentieth General Assembly, providing for the division of the county of Pottawattamie into two parts for judicial purposes, has no application to the courts of mayors and justices of the peace, whose jurisdiction remains co-extensive with the county.

*Appeal from Council Bluffs Superior Court.*—Hon. J. E. F. McGee, Judge.

Monday, October 24, 1892.

Action of *mandamus* to compel the payment of certain judgments. A demurrer to the answer was sustained, and judgment was rendered in favor of the plaintiffs as prayed. The defendants appeal.—*Affirmed.*

*J. J. Stewart*, City Solicitor, for appellants.

*Harl & McCabe*, for appellees.

Robinson, C. J.—The judgments in question were rendered against the city of Council Bluffs by a mayor of the incorporated town of Oakland in December, 1888. In March, 1890, transcripts of the judgments were filed in the office of the clerk of the district court of Pottawattamie county. Executions have been issued on them, and returned unsatisfied. The judgment debtor has been requested to pay them, or to levy a tax to raise a fund for their payment, but has neglected and refused to do so. The plaintiffs ask for an alternative writ requiring the defendants, the city of Council Bluffs and its treasurer, to pay the judgments from funds now on hand, or, if there are no funds available, requiring that a tax be levied to provide a fund for their payment. The judgments were rendered in favor of residents of the town of Oakland for damages resulting from the negligence of the city, and afterwards became the property of the plaintiff. The answer denies the jurisdiction of the mayor to render the judgment, but, as that question is not argued, it will not be further noticed.

The claim upon which the defendants rely is, that chapter 198 of the Acts of the Twentieth General Assembly, as supplemented by chapter 134 of the Acts

of the Twenty-first General Assembly, divided Potta-wattamie county into two parts for all judicial purposes, and that justices of the peace, and consequently mayors, residing in one of those parts, have no juris-diction of residents of the other. Oakland was in the east, and Council Bluffs in the west part of the county, and it is contended that those parts, for the purposes of the jurisdiction of the justice of the peace, should be treated as two counties. Chapter 198 of the Acts of the Twentieth General Assembly required the same number of terms of the circuit court to be held in Avoca as were or should thereafter be provided by law to be held in each county seat of the state. It gave to the circuit court, to be so held, original and exclusive jurisdiction such as was then or should thereafter be given to the circuit court, including appeals and writs of error from inferior courts and other tribunals, and guardianship and probate matters, arising in the terri-tory in Pottawattamie county east of the west line of range forty, and jurors to serve in the court at Avoca were to be drawn from the same territory. Chapter 134 of the Laws of the Twenty-first General Assembly transferred to the district court the power and jurisdic-tion then vested in the circuit court, and required it to be held at all places where the circuit court had been held.

In *Milner v. Chicago, M. & St. P. R'y Co.* (77 Iowa, 759), it was said that the object of chapter 198 was to divide the county of Pottawattamie for judicial purposes; and in *Whitaker v. Daly* (78 Iowa, 32), it was said, the object of the statute was to divide the county for the transaction of part of its judicial busi-ness; but in neither case was the jurisdiction of justices of the peace under consideration. An examination of the statutes named shows that they have no reference whatever to the jurisdiction of justices' courts. Nor does chapter 198 purport to effect a division of the

county for all judicial purposes, but only for those which come within its provisions. Section 506 of the Code gives to the mayor of each incorporated city and town the jurisdiction of a justice of the peace in all matters, civil and criminal, arising under the laws of the state or the ordinances of such city or town, and this jurisdiction is co-extensive, territorially, with that of a justice of the peace. *Weber v. Hamilton,* 72 Iowa, 577. Section 3507 of the Code provides that the jurisdiction of justices of the peace, when not specially restricted, is co-extensive with their respective counties. There is nothing in the statutes establishing a court at Avoca which in terms restricts such jurisdictions, and there is no sufficient ground for holding that it was done by implication. On the contrary, it was reasonably certain that the general assembly did not intend, by the statutes in question, to affect in any manner the jurisdiction of justices of the peace.

The judgment of the superior court is AFFIRMED.