A. W. COFFMAN, Appellant, v. FRANK TRIMBLE, Appellee.

JUSTICES OF THE PEACE: JURISDICTION IN POTTAWATTAMIE COUNTY.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

WEDNESDAY, JANUARY 24, 1894.

THE plaintiff commenced this action in the court of a justice of the peace of Avoca, to recover a sum of money. On the application of the defendant, the action was dismissed by the justice. That proceeding was reviewed by the district court, by means of a writ of error and, in effect, affirmed. From the judgment of the district court the plaintiff appeals.— *Reversed.*

*Turner, Smith & Cullison* for appellant.

No appearance for appellee.

ROBINSON, J.—This cause is submitted in this court on a certificate, which shows the following facts: "The plaintiff, at the time of the commencement of this action, and at the time of the hearing in the district court, resided at Avoca, in Pottawattamie county, east of the west boundary line of range forty. The defendant was at the same time a resident of Council Bluffs, west of that boundary line." The question certified is stated as follows: "Has a justice of the peace of Pottawattamie county, Iowa, east of the west boundary line of range forty, jurisdiction of parties living and residing west of said west line of range forty, in said Pottawattamie county?" "The jurisdiction of justices of the peace, when not specially restricted, is coextensive with their respective counties; but does not embrace suits for the recovery of money against actual residents of any other county, except as provided in section three thousand, five hundred and thirteen of this chapter." Code, section 3507. The section 3513 specified relates to written contracts stipulating for payment at a particular place, and does not apply to this case. We infer from the record and argument submitted to us that the judgment of the district court was founded upon the theory that section 3507 is so far modified by chapter 198 of the Acts of the Twentieth General Assembly that the jurisdiction of justices of the peace of Pottawattamie county, excepting in actions founded on written contracts, stipulating for payment at a particular place, does not extend beyond that side of the line on which they reside. That question was considered in *Deere v. City of Council Bluffs*, 86 Iowa, 591, 53 N. W. Rep. 344, where it was held that there was nothing in the chapter specified which restricts the jurisdiction conferred by section 3507; and we are satisfied with that decision. It is proper to say that it was not announced until after the judgment of the district court in this case had been rendered. REVERSED.