TOWN OF DUXBURY *v.* TOWN OF WILLIAMSTOWN.

January Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 8, 1929.

*C. O. Granai* and *J. W. Gordon* for the defendant.

*Theriault & Hunt* for the plaintiff.

96

SLACK, J.   The plaintiff seeks to recover for care and support of a poor person for which it claims defendant is liable. The case was tried by the Montpelier city court.  After a full hearing on the merits and judgment had been entered for the defendant, plaintiff moved to strike off the judgment and dismiss the case on the ground that the court did not have jurisdiction of the cause, the process, or the parties.  The motion was granted, and the defendant excepted.  .

The court found the facts upon which the motion was predicated to be as follows:  The writ, which demanded damages in the sum of forty dollars, was signed by a justice of the peace, and was returnable before him October 10, 1927.  It never was served on the defendant, and no action whatever was had thereon before the justice.  Pursuant to an agreement between the attorneys for the respective parties to enter the case

in the Montpelier city court as an appeal from the justice court, and treat it as an appealed case, the plaintiff's attorney on or about January 27, 1928, sent the writ to the judge of that court who, upon receipt of the same, entered thereon the following: "Filed in Montpelier City Court, January 27, 1928, and the same is so filed by agreement of the parties and is to be treated as an appeal case." By agreement of the parties, the case was tried by that court on the merits February 29, 1928. Later and before judgment had been entered, plaintiff filed a motion to discontinue, which was denied, and on August 28, 1928, the court filed its findings and entered judgment thereon for the defendant. Thereupon, plaintiff filed the motion which is before us.

The only question is whether in the circumstances the Montpelier city court had jurisdiction to try and determine the case. The plaintiff insists that it did not. Not because it lacked jurisdiction of the parties or of the process, as that word is commonly used, or of the subject-matter "in the narrow sense of the matter in dispute between the parties as shown by the pleadings"; but because the case was treated as an appealed case and the record fails to show certain jurisdictional facts necessary to constitute an appeal, namely, a judgment by the justice court, an appeal therefrom within the time fixed by statute, the required security, etc. It is said that in this respect the city court stands the same as the probate court, the county court in vacation, the Public Service Commission, the commissioner of industries, the Supreme Court in chancery cases, and the Supreme Court in original highway proceedings, in that all necessary jurisdictional facts must affirmatively appear in order to give the court jurisdiction.

In the circumstances disclosed by the record, the agreement to treat the case as an appeal from the justice court must be construed as an agreement merely to try the case in the city court, since there was nothing to appeal from or to transfer from the one court to the other. It is apparent that the real, and the only, object which the parties had in mind was to get a trial in the city court. That they were united in seeking and that they got. Whether they got it by treating the case as an appealed case or as an original entry was not of the slightest consequence so far as the action of that court was concerned. That court had jurisdiction of the subject-matter whichever

way the case was treated. G. L. 1641, 1649. The action might properly have been brought in either court.

Since this was so, the parties, by agreement, might have transferred the case from the justice court to the city court had there been a case in the justice court to transfer. *Milner* v. *Chicago, etc., R. R. Co.,* 77 Iowa, 755, 42 N. W. 567; *Greer* v. *Cagle,* 84 N. C. 385. It is said in the latter case. "If the subject-matter of the action were such that the two courts had concurrent jurisdiction, it would not be difficult to determine the matter, for such has been the conduct of the parties in assenting either expressly or by clear implication to the jurisdiction of both tribunals, that either one of them might very properly have assumed control of the action and considered it to its determination." Or the parties might, as they in effect did, treat the process as though returnable to the city court and take a trial on the merits. It is held in *Clough* v. *Ide,* 107 Iowa, 669, 78 N. W. 697, and in *Sentenis* v. *Ladew,* 140 N. Y. 463, 35 N. E. 650, 37 A. S. R. 569, that an action brought in a court which has jurisdiction of the subject-matter, though the wrong one, will be sustained if the parties proceed to a trial on the merits without objection.

Since the city court had jurisdiction of the subject-matter, the motion to dismiss should have been denied, because the parties by their conduct waived all other jurisdictional requirements. *Huntley* v. *Henry,* 37 Vt. 165; *Stanton* v. *Proprietors of Haverhill Bridge,* 47 Vt. 172; *Andrews* v. *Andrews,* 62 Vt. 495, 20 Atl. 817; *Mack* v. *Lewis,* 67 Vt. 383, 31 Atl. 888; *Wade* v. *Wade's Admr.,* 81 Vt. 275, 69 Atl. 826; *Andrew* v. *Buck,* 97 Vt. 454, 124 Atl. 74.

It would be an intolerable abuse of the process of the court if a plaintiff could be permitted to select a competent tribunal, as this one did, and when defeated be heard to say that the action was not cognizable by the court, and the judgment which it had rendered was a nullity.

*Judgment reversed, and judgment for defendant to recover its costs.*

NOTE.—When this case was heard it was assigned to Mr. Justice Chase. Upon his retirement from the Bench, and at the February Term, 1929, it was reassigned to Mr. Justice Slack.