JOHN DEAN *v.* SERENUS SWIFT and WALTER J. SHEPHERD.

BENNINGTON,
February,
1839.

Any original writ may be amended, when there is sufficient expressed to determine, with certainty, the nature and object of the process, or, as it is expressed in the English practice, when there is any thing to amend by. A person, who has not been appointed to the office of deputy jailer, but with whom the sheriff entrusts the keys of the prison, and who is suffered to take prison bonds for the enlargement of persons committed and who signs such bonds as a witness, is competent to testify on the part of the plaintiff in a suit upon such bond in the name of the creditor, at least to the execution of the instrument.

THIS was an action of debt on a jail bond. The plaintiff was the execution creditor, and, as such, the assignee of the sheriff, who was the obligee of said bond. The writ was made returnable to the term of the county court " next to " be holden at Bennington, within and for the county of Ben-"nington, on the second Tuesday of December, 1837."

The December term of said court was fixed by law on the *first* Tuesday, and this defect in the writ was pleaded in abatement. The county court, after such plea, and on motion of the plaintiff, permitted the writ to be amended so as to be returnable on the *first* Tuesday of December.

On the trial upon the merits, upon the plea of *non est factum*, the plaintiff, to prove the execution of the bond, offered, as a witness, one Benjamin Munson, who, on examination upon the *voir dire*, stated that, at the date of said bond, he held the keys of the jail and acted as agent of the sheriff, and, as such, took the bond in suit, without any directions, in that particular case, from the sheriff, but that he had given no bonds to the sheriff as deputy jailer. Upon this statement the defendants objected to the competency of said Munson as a witness for the plaintiff. But the county court overruled the objection and admitted the witness, who proved the execution of the bond.

The jury returned a verdict for the plaintiff, and the defendants excepted to the said several decisions of the county court.

*S. Swift*, for defendants.

I. The motion to amend was irregular. The case was not before the court and there was nothing to alter or amend from.

II. The statute, directing the mode of process, requires

that it shall mention the court, *time* and place of appearance.

III. This is a defect of substance and not of form, and therefore not amendable.

IV. Munson was not a competent witness for the plaintiff. He had given no bond for the faithful discharge of his duties as deputy jailer, and was consequently unauthorized to act as such, and all his acts in that capacity were void.

*Sargeant & Miner*, for plaintiff.

The writ was sufficiently definite without stating the day, because the time is fixed by law, and must be presumed within the knowledge of all, and the insertion of the time may be rejected as surplusage.

When the county court found the parties before them at a proper time, the claims of justice required that the court should exercise their discretionary power in ordering an amendment, on such terms as equity might seem to require.

It cannot be said that the court transcended their authority, for they are in duty bound to amend *all and every imperfection, defect and want of form* and may, in their discretion, permit the parties to amend " *any defect in the process or pleading.*"    Stat. 73.

When this discretion is exercised by the county court their decision is conclusive—and presents no question on which the supreme court can act.    *Wellman* v. *Bulkley*, 6 Vt. R. 299.

On the trial in chief, we do not discover any interest which should have excluded Munson, the witness to the bond. He acted as the mere agent or clerk to the sheriff, and the sheriff adopted his acts by accepting and assigning the bond to the creditor.

The opinion of the court was delivered by

REDFIELD, J.—We think the amendment was properly allowed by the county court.    The writ being made returnable at the term *next* to be holden, and that term being appointed by general statute, of which all the citizens of the state are bound to take notice, the time was sufficiently definite without stating the day, on which the term would begin. The statement of a wrong day might well be rejected as

surplusage.   Hence the amendment allowed was clearly with-
in our statute of jeofails, which provides that the several
courts shall proceed and render judgment according to the
right of the case, notwithstanding any " defect or want of
form," in the writ, process or other pleading, &c.

-Under a similar statute in England, all amendments of
process have been allowed, before judgment, when there
was any thing to amend by—i. e. when, from the process
itself, it could clearly be determined what was intended.
The courts in this state have, in practice, adhered to the
English rule.

In regard to the competency of the witness admitted to
testify in the court below, we see no good ground of doubt.
The witness appears not to have been appointed deputy jai-
ler, but to have acted as the mere servant of the sheriff in
keeping the jail.   He had the keys of the prison and took
prison bonds for the liberties of the prison, in the absence of
the sheriff.   In this situation he signed the bond, now in suit,
as witness, the sheriff not being present.   We do not per-
ceive how he had any more interest in the present suit than
a clerk in a store has in a suit upon a note taken by him in
the ordinary course of his business:   The witness in the
present case is, at most, only liable for negligence.   No such
question here arises.   If that had been the case, perhaps the
witness would be incompetent to testify, on account of an
interest in the particular question of negligence, as was held
by this court in the case of *Denison* v. *Hibbard*, 5 Vt. R.
496.   We do not perceive how the present case can be dis-
tinguished from the common case of an agent, who acts on
the part of plaintiff or defendant, and who is, on that ac-
count, always admitted *ex necessitate*, as it is said.   2 Stark.
Evi. 767 and cases cited.   *Fisher* v. *Willard*, 12 Mass. R.
379.   *Phillips et al.* v. *Bridge*, 11 Mass. R. 242.

Judgment affirmed.