TOWN OF MONTPELIER *v.* ABIEL ANDREWS.

Where the magistrate, who signed the original writ in an action of debt to recover a penalty given by statute to a town, indorsed upon the writ, and signed, the following minute,—" I hereby certify that this writ was exhibited to me and filed in my office this ninth day of June, A. D. 1842,"—it was held that it was not a compliance with the statute, [Rev. St. 304, § 9,] and the action was, upon motion made at the first appearance in the case, dismissed.

Montpelier *v*. Andrews.

THIS was an action of debt, originally commenced before a justice of the peace, to recover the penalty given by statute for obstructing a water course. The defendant, on the day when the writ was made returnable, appeared, and moved to dismiss the action, on the ground that the justice, when he signed the writ, did not indorse upon it a minute of the time when he signed it; and this motion was renewed in the county court.

The justice, at the time the writ was signed, signed also upon it a minute in these words; " I hereby certify that this writ was exhibited to me, and filed in my office, this ninth day of June, A. D. 1842."

The county court dismissed the action; to which the plaintiffs excepted.

*A. Spaulding* for plaintiffs.

*J. A. Wing* and *O. H. Smith* for defendant.

The opinion of the court was delivered by

HEBARD, J. The only question is, whether there was such a minute of the time, when the writ was signed, as the statute requires. This is the same question that was considered in the case of *Pollard* v. *Wilder*, at the July Term of this court in Windsor Co., 1843,* and it is unnecessary to go into any reasoning upon the question, as it was then decided. It is enough to repeat what was then said, that this certificate is not a compliance with the statute, and consequently insufficient. Judgment affirmed.

---

* *Isaac Pollard* v. *Edward L. Wilder*, Windsor Co., July adjourned term, 1843. This was an action of debt, brought to recover the penalty given by statute for being party to a fraudulent conveyance. The action was commenced subsequent to the coming in force of the Revised Statutes, but the cause of action accrued prior to their enactment. The magistrate who signed the writ indorsed and signed upon it this minute; "The within writ was exhibited to me this thirteenth day of May, in the year of our Lord eighteen hundred and forty one." The action was entered at the May Term of Windsor County Court, 1841, an appearance entered for the defendant, and the case was continued for trial; at the November Term, 1841, the defendant filed a motion to dismiss the suit for want of a sufficient minute upon the writ of the time when the same was signed by the magistrate issuing it. The

county court dismissed the action *pro forma*, and the plaintiff took exceptions. The SUPREME COURT held that the case was governed by the provisions of the Revised Statutes, and that therefore a minute of the time of signing was necessary, — that the minute put upon the writ was defective in not stating when the writ was *signed*, and therefore insufficient, — that the magistrate, after the writ had been served, and the action entered in court, could not be permitted to amend the minute,—but that the defendant had *waived* his right to have the action dismissed, by entering an appearance at the first term, and permiting the case to be continued for trial, without interposing his motion; — and the judgment of the county court was reversed.