WILLARD ANDRUS v. JOHN CARROLL.

*Signature of Writ.    Process.*

The signature of the authority issuing a writ merely to the minute of recognizance at the foot of the writ, is not a sufficient signature of the writ; and for such a defect the writ will on motion be dismissed.

No signature of any justice of the peace, or any other magistrate authorized by law to sign county court writs, appeared upon the face of the paper containing the writ, except at the foot of the minute of the recognizance taken as security for the

defendant's costs, where a justice of the peace had signed his name.   This minute of the recognizance was separated from the body of the writ by the blank space usually left for the signature of the authority issuing the writ.

The defendant moved to dismiss the writ because it was not properly signed.

The county court, at the September Term, 1861, ALDIS, J., presiding, held the signing insufficient, and dismissed the writ, to .which the plaintiff excepted.

*Kennedy* and *Noble*, for the plaintiff.

*James S. Burt*, for the defendant.

BARRETT, J.   Process, by which a suit is instituted, must bear the official signature of some officer authorized to issue the same.   This is the meaning of the statute, in providing that original writs shall be signed by some one of the several judicial officers named; and in providing for the taking and making of the minute of recognizance, upon a writ so signed.   The provision of the statute upon the subject clearly imports, that signing of the minute of recognizance is a distinct and different act from that of signing the writ ; requiring as it does, that this shall be done upon the writ *so signed*, as is previously provided

Without undertaking now to say, whether a writ, and the minute of the recognizance, might not be so blended, as that a single signing would answer, both as a signing of the writ and the minute of recognizance, in substantial compliance with the requirements of the statute, it certainly could not be so regarded, unless the intent to have it so answer should be manifest upon the face of the precept.   In this case no such intent is manifest. The precept is in common form throughout—the minute of the recognizance being separate from the preliminary part, and separated from it by the blank space designed for the signature to the writ itself.

Something analogous to this has several times come before this court, in respect to the mode of authenticating depositions.

It has been held that, where the certificate of oath is separate and distinct from the certificate of caption, a signing, by the magistrate, of the latter certificate alone will not be sufficient.

The rule would apply more strongly to a case like the present, than to a deposition.

We deem the defect fatal, and think a motion to dismiss the proper mode of taking advantage of it. The question, arising upon this motion, is not to be tested by the question, whether the court would allow an amendment in this particular, if it had been seasonably moved for.

Without deciding whether such a defect would be the proper subject of amendment, it is sufficient to say, that the question is not before us on a motion to amend.

Judgment is affirmed.