W. L. Ford *v.* B. H. Smead.

May Term, 1937.

Present:   Powers, C. J., Slack, Moulton, Sherburne and Buttles, JJ.

Opinion filed October 5, 1937.

*Stanley L. Chamberlain* for the plaintiff.

*Fred B. Thomas* and *Alban J. Parker* for the defendant.

Powers, C. J.   The plaintiff obtained a judgment against the defendant in the Hartford municipal court.   The defendant then filed a petition for a new trial, which the plaintiff moved to dis-

miss. This motion was overruled and a new trial granted. The plaintiff excepted.

P. L. 2114 provides that a petition for a new trial shall not issue until the proper court has taken a recognizance to the adverse party conditioned that ''if the petitioner fails to prosecute his petition to effect or finally to recover in such action, he will pay the adverse party the intervening damages and costs accruing by reason of such petition.''

The recognizance attached to this petition is conditioned only for costs and the prosecution of the petition. There is no condition in it, express or implied, for the payment of intervening damages.

██ A court cannot function without process. Without it, the court is without jurisdiction to proceed.

██ This process issued in violation of the positive and peremptory prohibition of the statute as above quoted. It is absolutely void, and should have been dismissed. *Holden* v. *Campbell*, 101 Vt. 474, 475, is conclusive of the question here presented. That case involved a recognizance required by P. L. 2114. It secured costs, but not intervening damages. We held that it was void and dismissed the petition to which it was attached.

*Judgment granting a new trial reversed, and the petition therefor dismissed with costs.*