ELIZABETH HOWE *v.* LISBON SAVINGS BANK & TRUST CO. ET AL.

February Term, 1940.

On Motion for Reargument, May Term, 1940.

Present: SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ. and SHIELDS, SUPR. J.

Opinion filed May 7, 1940.

Opinion on Motion for Reargument filed July 2, 1940.

*Joseph A. McNamara, John W. Redmond* of counsel, for the plaintiff.

*Guy M. Page* and *M. G. Leary* for defendants Lisbon Savings Bank & Trust Company, Lisbon Manufacturing Company, Fred C. Brown, Carl S. Hoskins, Ernest H. Hallet, William P. Long, William H. McCarten, Harry A. Ronan, Jonathan Piper and Phillip G. Willard.

*Fenton, Wing & Morse* for defendant and trustee Caledonia Timber Corporation.

*Porter, Witters & Longmoore* for trustee Michael P. Ronan.

*Neil D. Clawson* for trustee Greeley A. Brown.

BUTTLES, J. This is an action brought by the plaintiff, Elizabeth Howe, of Burlington, Vermont, against the defendants, Lisbon Savings Bank and Trust Company, Lisbon Manufactur-

ing Company, Lisbon Company, Inc., all New Hampshire corporations, Caledonia Timber Corporation, a Vermont corporation, doing business at St. Johnsbury, Vermont, Fred C. Brown, of Brattleboro, Vermont, Carl S. Hoskins, Ernest H. Hallett and William P. Long, of Lisbon, New Hampshire, William H. McCarten, of Lancaster, New Hampshire, Harry A. Ronan, of Plymouth, New Hampshire, Jonathan Piper, of Concord, New Hampshire, and Phillip G. Willard, of Boston, Massachusetts. The writ also names as trustees in said action, the Vermont-Peoples National Bank, of Brattleboro, Vermont, a corporation by and under the laws of the United States, Greeley A. Brown, of Wilmington, Vermont, Michael P. Ronan, of Lyndon, Vermont, Lee F. Frost and Mary Frost, of Ryegate, Vermont, and Caledonia Timber Corporation, a Vermont corporation, doing business at St. Johnsbury, Vermont.

The officer's return shows that service was made on the Lisbon Savings Bank and Trust Company, Lisbon Manufacturing Company, Lisbon Company, Inc., Caledonia Timber Corporation and Fred C. Brown, by attaching property. No service was made on defendants Hoskins, Hallett, Long, McCarten, Piper and Willard. Service was made on Harry A. Ronan, defendant, by leaving a copy with Michael P. Ronan and Caledonia Timber Corporation, his trustees. Greeley A. Brown, Vermont-Peoples National Bank, Lee F. Frost, Mary Frost, Michael P. Ronan and Caledonia Timber Corporation, trustees, were served by delivering them copies, all as appears by the record.

The writ in question here follows the form prescribed by P. L. 9111 (Forms 2 and 23), except that there are omitted therefrom the following words "and also notify them to appear before the Chittenden County Court at Burlington, within and for the County of Chittenden." After partial service as above stated, the writ was returned, entered and docketed in Chittenden County Court, January 11, 1939.

On February 2, 1939, the following appearances were entered:

Defendant Caledonia Timber Corporation entered a general appearance by its attorneys, Fenton, Wing & Morse, and said Caledonia Timber Corporation, as trustee, entered a general appearance by its said attorneys.

M. G. Leary and Guy M. Page addressed a letter to M. C. Buell, clerk of Chittenden County Court, in which they entered a special appearance in the following language: "Please enter our appearances specially for Lisbon Manufacturing Company, a former corporation, dissolved prior to the institution of this suit, alleged to be a defendant herein and in the absence of officers and of organization here represented by a former stockholder therein, all solely for the purpose of moving the dismissal of the action as to said former corporation named as defendant."

The defendants, Lisbon Savings Bank and Trust Company, Lisbon Company, Inc., and Fred C. Brown, entered general appearances by their attorneys, M. G. Leary and Guy M. Page.

Defendants Hoskins, Hallett, Long, McCarten, Harry A. Ronan, Piper and Willard, by their attorneys, M. G. Leary and Guy M. Page, entered special appearances "for the purpose only of moving to dismiss the said action" against them.

Michael P. Ronan, trustee, entered a general appearance by his attorneys, Porter, Witters & Longmoore.

On February 4, 1939, defendants, Lisbon Savings Bank and Trust Company, Lisbon Manufacturing Company, Lisbon Company, Inc., Fred C. Brown, Hoskins, Hallett, Long, McCarten, Harry A. Ronan, Piper and Willard, entered special appearances by their attorneys, M. G. Leary and Guy M. Page, for the purpose of moving to dismiss said action, and this notice of special appearance was accompanied by two motions to dismiss, each upon the ground that the court was without jurisdiction of the subject-matter, for the reasons as therein stated, and the motions were similar excepting that in one there is contained the statement "having this day entered their appearance specially for such purpose" and the other does not contain such statement.

On February 7, 1939, the Caledonia Timber Corporation, trustee, by its attorneys, Fenton, Wing & Morse, moved that said action be dismissed "for that the court has no jurisdiction of the process or of the subject-matter * * *," for the reasons as therein stated, and on the same day the defendant Caledonia Timber Corporation, by its said attorneys, filed a motion to dismiss on said grounds as stated by said Caledonia Timber Corporation in the motion last above mentioned.

On March 10, 1939, the plaintiff, by her attorney, Joseph A. McNamara, filed a motion to amend her writ "by inserting after the word 'law' in the (17th) seventeenth line of the (1st) first paragraph after the caption, on the (1st) first page, the following: 'and also notify them to appear before the Chittenden County Court at Burlington, within and for the County of Chittenden.'"

Such proceedings were had that after hearing at Burlington, on the 15th day of August, 1939, judgment was entered "* * * that this suit be and the same is hereby dismissed for want of jurisdiction of the process in said cause, without prejudice, and at plaintiff's costs."

Plaintiff brings the case here upon exceptions to this judgment and here contends that the defect in the writ made it voidable only, while defendants claim that the writ was void and therefore not amendable and that the action was properly dismissed.

Because of the nature of the questions raised here, it will be helpful at the outset to consider briefly the subject-matter of court jurisdiction and also to classify cases cited having to do with both void and voidable process.

■ Referring to law, Webster's New International Dictionary defines jurisdiction as "the legal power, right or authority to hear or determine a cause or causes considered either in general or in reference to a particular matter; power to exercise judicial authority."

■■ No question is made but that in order for a court to try and determine a cause, it must have jurisdiction of the subject-matter, of the process and of the person. The first, commonly referred to as "general jurisdiction," is conferred by law. It can be derived from no other source and this is the foundation of our well known rule that neither waiver nor consent can confer jurisdiction of the subject-matter upon any court where it is not given by law. *Smith et al.* v. *White's Est. et al.*, 108 Vt. 473, 480, 188 Atl. 901.

■ Although a court may have general jurisdiction to try and determine a cause, it cannot exercise this authority of its own motion. The parties and their case must be brought before it. This is accomplished by the use of process. It is in this way

that the court is empowered to exercise its judicial authority and so when we state that process confers jurisdiction we mean that it empowers the court to exercise authority derived from law. This authority is passive in nature until it is made active by process or something which the law permits to perform the function of it, as in the case of *Duxbury* v. *Williamstown,* 102 Vt. 94, 145 Atl. 872, where waiver and agreement took the place of process.

In that case, plaintiff sought to recover from defendant for the support of a poor person. It instituted its suit by a writ returnable before a justice of the peace, which was not served and no action whatever was taken thereon before the justice. The Montpelier City Court had jurisdiction of the subject-matter and by agreement the parties entered the case in said city court as an appeal from the justice court. The case was tried upon the merits and the defendant had judgment. Plaintiff moved to set the judgment aside upon the grounds that the city court did not have jurisdiction of the cause, the process or the parties. Motion was granted and defendant excepted. Held, at page 98, that since the city court had jurisdiction of the subject-matter, the motion to dismiss should have been denied because the parties by their conduct waived all other jurisdictional requirements.

■■ Defective process is of two classes, namely, voidable and void. The former includes all defective process where the defect is of such a nature that it is capable of being amended, and it is valid until attacked, and an amendment is allowable where the process, although irregular, is sufficient to give jurisdiction—where there is anything to amend by; that is, where it can clearly be determined, from the process itself, what was intended. *Elwell* v. *Olin et al.,* 99 Vt. 460, 462, 134 Atl. 592; *Dean* v. *Swift,* 11 Vt. 331. See 21 R. C. L. 1326, sec. 74; 50 C. J. 600, sec. 343.

■ Void process is of two classes.

(1) Process which issues in violation of a statute prohibiting it. This class is illustrated by the following cases cited in the briefs and in each case the process was held void for the reason stated.

*Adams* v. *Whitcomb,* 46 Vt. 708, 713. Writ issued in violation of statute providing that a female should not be arrested in a contract action.

*Aiken* v. *Richardson,* 15 Vt. 500. Writ issued without authority of law because required affidavit was not filed.

*Barton* v. *Sutton,* 93 Vt. 102, 106 Atl. 583. Petition to discontinue highway was not brought by persons authorized by statute to do so. To the same effect is *Holden* v. *Campbell,* 101 Vt. 474, 144 Atl. 455.

*Caldbeck* v. *Simanton,* 82 Vt. 69, 71 Atl. 881, 20 L. R. A. (N. S.) 844. Writ in a contract action issued as a capias. This was prohibited by statute. To the same effect, *Roy* v. *Phelps,* 83 Vt. 174, 75 Atl. 13.

*Ford* v. *Smead,* 109 Vt. 129, 194 Atl. 369. Writ issued in violation of P. L. 2114, providing that a petition for new trial shall not issue until the proper court has taken a recognizance to the adverse party, conditioned as therein stated. Petition issued without compliance with this requirement.

*Miller* v. *Potter,* 54 Vt. 267. Writ had issued against Miller while he was insane and under guardianship, contrary to the prohibition of the statute, and Potter had obtained judgment. This was audita querela brought to set aside the judgment so obtained.

(2) Process which fails to comply substantially with statutory requirements is void, even though not prohibited. This class of process is dealt with in the following cases. *Ramsey* v. *McDonald,* 108 Vt. 180, 184 Atl. 691. This was a replevin suit. The writ was not signed by one having authority to do so. Defendants appeared specially and seasonably moved to dismiss the action upon grounds stated in their motion. Plaintiff then moved to amend. The court denied plaintiff's motion to amend and granted defendant's motion to dismiss the action, and plaintiff appealed. It does not appear that defendant, as a ground for his motion to dismiss, relied below upon the fact that the writ was not signed by legal authority. The first question presented for decision by this Court was "was the process void and therefore unamendable." Held that this question must be answered in the affirmative. The writ not being signed by proper authority was no writ at all. It was void and conferred no juris-

210

diction. Being void, it could not be amended. It should be noted that in this case defendant, in appearing specially and moving to dismiss, did nothing that could be construed as a waiver of the defect. In fact there was no question of waiver in the case. The ruling of the court below in dismissing the action was correct. Hence this Court would affirm the judgment on any legal ground, even though not raised below. *Fairbanks* v. *Stowe,* 83 Vt. 155, 160, 74 Atl. 1006, 138 Am. St. Rep. 1074; *Wood* v. *James,* 93 Vt. 36, 42, 106 Atl. 566; *Valenti* v. *Imperial Assurance Co.,* 107 Vt. 65, 71, 176 Atl. 413.

*Anderson* v. *Souliere,* 103 Vt. 10, 151 Atl. 509. This was a tort action returnable to the Municipal Court of Orleans County. The writ was signed by a justice of the peace of Caledonia County, who was not legally qualified to do so. Defendant seasonably filed a motion to dismiss. Motion granted. The judgment was affirmed in this court.

*Parker* v. *Parker,* N. Chipman (Vt.) 27. Divorce libel not signed by legal authority. Petition dismissed upon petionee's motion. Affirmed. In a similar case the same result was obtained in *Philbrick* v. *Philbrick,* 27 Vt. 786. See statement *re* this case in *Perry* v. *Perry,* 94 Vt. 487, 490, 111 Atl. 632, 633.

*Andrus* v. *Carroll,* 35 Vt. 102. The writ in this case was not signed at all but the recognizance was signed by proper authority as by law required. Held that the writ was fatally defective and that a motion to dismiss was the proper mode of taking advantage of it, and the action of the lower court in dismissing the process was affirmed.

*Montpelier* v. *Andrews,* 16 Vt. 604. Justice signing writ to recover a penalty did not indorse upon it a minute of time of signing as by law required. Defendant at his first appearance moved to dismiss and motion was granted. Judgment affirmed. This case was disposed of upon the authority of *Pollard* v. *Wilder,* annotated in 16 Vt. 605 in note at bottom of page and reported in 17 Vt. 48. This was an action of debt brought to recover a penalty. The minute indorsed upon the writ by the magistrate signing it did not comply with requirements of the statute. The suit was entered at the May Term, Windsor County Court, 1841. An appearance was entered for defendant and case continued for trial. At the November term, 1841, defendant

moved to dismiss the action for want of sufficient minute upon the writ. The court below granted the motion and the action was dismissed *pro forma*. Plaintiff excepted. Held that the minute put upon the writ was defective in not stating when the writ was signed and therefore insufficient; that the magistrate, after the writ had been served and the action entered in court, could not be permitted to amend the writ, but the defendant had waived his right to have the action dismissed by entering an appearance at the first term and permitting the case to be continued for trial without interposing his motion, and judgment of the county court was reversed.

*Huntley* v. *Henry*, 37 Vt. 165. County court writ was served without being signed by any authority. Defendant appeared at the March term, 1862, and pleaded to the merits and the case was continued. At a subsequent term defendant filed a motion to dismiss for the reason that the writ was never signed by legal authority. Held that the motion was of a dilatory nature and the defect was waived by not being taken advantage of at the earliest opportunity.

*Mack* v. *Lewis*, 67 Vt. 383, 31 Atl. 888. An appeal was entered in county court after the time for doing so had expired. Held that the defect was one that could be waived. It was not anything affecting the jurisdiction of the court over the subject-matter of the suit. The appeal was not absolutely void but "void until confirmed." The appellee could concur in submitting the case to the decision of the court although not regularly entered. He did this by appearing and permitting the time allowed for dilatory motions to pass without raising the objection. Judgment affirmed and cause was remanded.

*Coolbeth* v. *Gove*, 108 Vt. 499, 189 Atl. 858, 860. In this case the plaintiff brought bastardy proceedings against the defendant, before L. G. Peabody, a justice of the peace, of Orleans County. She signed and made oath to her complaint before said justice at Burlington, in Chittenden County. One Baton appeared before said justice at Burlington and became bail for costs. The justice then and there issued a warrant returnable before himself at Newport in Orleans County. The defendant was arrested and brought before Justice Peabody at Newport and such proceedings there had that upon consideration the de-

fendant was ordered to enter into a recognizance in the sum of $1000. for his appearance before the county court, which order . was complied with. In county court defendant filed a plea in abatement and motion to dismiss, both of which were predicated upon the ground that the process was void because of the acts that the justice performed in Chittenden County. The court sustained the contention and adjudged that the complaint be quashed and suit abated. Plaintiff excepted. After pointing out that the acts of the justice performed in Burlington as stated were ministerial and not judicial and that therefore he was legally qualified to perform same, in disposing of the case, Chief Justice Powers states: ''Then, too, the matter of waiver stands in the defendant's way here. A plea to the jurisdiction is the first plea in the regular order of common law pleading,'' citing cases. ''When it is based upon abatable matter, as it is here, it must be filed *in limine*. These dilatory matters are not favored by the courts and must be urged at the earliest opportunity. If this is not done, the defect of jurisdiction will be deemed to be waived.'' Held that by appearing before a justice and entering into a recognizance for his appearance in county court and making no objection as to the authority of the person signing the writ, defendant had waived his right to make such objection and making it in county court was too late. ''Judgment reversed, and judgment that the plea in abatement is insufficient. Cause remanded.''

*Perry* v. *Perry*, 94 Vt. 487, 111 Atl. 632, 634. This was a divorce case. The citation served upon the petitionee did not state the time when she was required to appear, but did state that she should appear before the Windsor County Court. She appeared specially and moved to dismiss because of the stated defect in the process. Petitioner moved to amend. This motion was granted and petitionee's motion to dismiss was denied, and the petitionee brought the case here upon exceptions. Taylor, J., after citing several cases bearing upon the question raised, states in connection with what appears from the cases cited: ''If the summons did not give her the required legal notice, the court was without jurisdiction unless she saw fit to waive the defect by a general appearance.'' Held that the motion to dismiss

should have been granted because the process was not amendable, and decree was reversed and libel dismissed.

From the foregoing cases and others that might be cited it appears:

■ (1) Process which is defective because not in the exact form required by statute but which, nevertheless, is in substantial compliance therewith may be amended. That is, such process is voidable only.

■ (2) Process prohibited by law is void. A defect of this kind cannot be cured by waiver, consent or agreement. To permit this would be to nullify the statute prohibiting it.

■ (3) Process which is not in substantial compliance with statutory requirement or requirements is void, although not prohibited by law. Such process cannot be amended but the defect may be waived and when this is done, in so far as it affects jurisdiction, the court is enabled to function.

We now come to the main question in this case, namely, was the writ void or only voidable? Did it show with reasonable certainty in what court and where the action was pending? That is, was there anything in the writ to amend by? Could it clearly be determined from the process itself what was intended? See *Dean* v. *Swift*, 11 Vt. 331, 333, and *Elwell* v. *Olin, supra,* at 462.

The question here is similar to that presented in *Elwell* v. *Olin, supra.* That was a replevin case and the statute there in question was "such a writ shall require a bond to be given for double the value of the property," etc. The writ as issued required the officer to take a bond from plaintiff "in total appraised value," etc. The officer did in fact take a bond in form required by law. Defendant moved to dismiss because of the defect stated. Plaintiff moved to amend. Motion to dismiss was denied and plaintiff's motion to amend granted. Defendant brought the case to this court on exceptions. Held that the amendment was properly allowed and judgment was affirmed.

■ In the case before us the following facts appear from the writ. It issued from Chittenden County by authority of the State. Plaintiff was a resident of Burlington and was seeking to recover damages in the sum of $50,000. (By force of P. L. 1491 plaintiff's complaint is a part of the writ.) The process was directed to any sheriff or constable in the State and it was to be

served and returned within twenty-one days from the date thereof. The process directed the sheriff to notify the defendants to cause their appearance to be entered with the clerk "of said court" within forty-two days from the date of same. It was dated at Burlington, in the County of Chittenden, the 22nd day of December, 1938, and signed "M. C. Buell, Clerk." It also contained a recognizance in form as required by law.

From the facts above stated it appears that the writ issued from Chittenden County by authority of the State. Since the *ad damnum* was $50,000, the only state court in Chittenden County that could have jurisdiction of the case was Chittenden County Court, and the law fixed the place of this court at Burlington. P. L. sec. 1374, IV. The only person who could lawfully sign this writ as "clerk" was the clerk of Chittenden County Court because that was the only court to which the writ could be returnable. P. L. 1489.

In the case of *Dean* v. *Swift*, 11 Vt. 331, the writ was defective in that it summoned the defendant to appear before the Bennington County Court on the second Tuesday in December, 1839, when under the law the court convened on the first Tuesday in December. Upon plaintiff's motion the writ was amended and defendant excepted and brought the case to this Court upon exceptions. Held that the amendment was properly allowed and judgment was affirmed. The statute which required that the writ should mention the court, time and place where same was returnable was the same as the statute in question here.

In the case before us it appears from the writ with reasonable certainty that the action was pending in Chittenden County Court, which court had jurisdiction of the subject-matter and was authorized by law to issue process in this case. Here, as there was in the cases of *Elwell* v. *Olin, supra,* also *Dean* v. *Swift, supra,* there is something to amend by.

From the foregoing it follows that the writ was voidable only and therefore amendable. The court had jurisdiction of the subject-matter and the process and it was error to dismiss the action upon this ground.

As to appearances, those defendants, including defendant trustees, who entered a general appearance are before the court on the same.

As stated in *Weed Sewing Machine Company* v. *Boutelle*, 56 Vt. 570, at 572 and 573, 48 Am. Rep. 821, "by repeated decisions of this Court all defects of service of process and the entire want of it are cured by a full, unrestricted appearance by attorney. Where the court has jurisdiction of the subject-matter and the process, it matters not by what means the party is brought before the court, provided he is in court contesting his rights. Such appearance is submission to the jurisdiction of the court, answering the process, and waives all defects of service."

 Those defendants who were not served with process and appeared specially and filed notice that they appeared for the purpose only of moving to dismiss the action for want of service upon them, have waived the right to file such motion, this not having been done within the time allowed for dilatory pleadings. *Boright* v. *Williams*, 87 Vt. 245, 88 Atl. 735; *Wade* v. *Wade's Admr.*, 81 Vt. 275, 69 Atl. 826; *Murphy* v. *Punt*, 107 Vt. 421, at 423 and 424, 180 Atl. 886. These defendants, as well as the others who appeared specially only, and excepting those who entered general appearances, are before the court upon the special appearances entered by them.

Since the judgment must be reversed for reasons hereinbefore stated, other questions as to appearances are not material and, therefore, are not considered.

The result is

*Judgment reversed and cause remanded.*

## On Motion for Reargument.

Defendants Lisbon Manufacturing Company, Hoskins, Hallett, Long, McCarten, Harry A. Ronan, Piper and Willard have filed a motion for reargument as to certain matters set forth in the opinion, viz:

"Those defendants who were not served with process and appeared specially and filed notice that they appeared for the purpose only of moving to dismiss the action for want of service upon them, have waived the right to file such motion, this not having been done within the time allowed for dilatory pleadings, *Boright* v. *Williams*, 87 Vt. 245, 88 Atl. 735; *Wade* v. *Wade's Admr.* 81 Vt. 275, 69 Atl. 826; *Murphy* v. *Punt*, 107 Vt. 421 at 423, 424, 180 Atl. 886. These defendants, as well as the others

who appeared specially only, and excepting those who entered general appearances, are before the court upon the special appearances entered by them.''

These defendants insist, 1, that their motion to dismiss the action having been found to be without merit, they now have the right to plead lack of proper and legal service upon them; and 2, that no questions as to appearances were before us for consideration.

In support of their first question, defendants call our attention to the order in which dilatory pleas, when used, must be advanced, viz:

I To the jurisdiction of the court.
II To the disability of the person,
 1. of the plaintiff, and
 2. of the defendant.
III To the count or declaration.
IV To the writ, viz.,
 1. To the form of it, and
 2. To the action of it.

In considering this first question, we should have in mind that while each and all of these dilatory pleas are sometimes referred to as ''jurisdictional'' because if the circumstances are such that a defendant is successful in his use of any of them, as to him, the court is without authority to proceed to a determination of the action, yet, strictly speaking, only those included under class 1 of the foregoing list are ''pleas to the jurisdiction.'' For the form and substance of such pleas see Gould's Pleadings, 4th Ed., ch. V, secs. 13 to 30 inc.; 49 C. J. 228, sec. 270; also, see *Kenney et al.* v. *Howard*, 67 Vt. 375 at 379, 380, 31 Atl. 850.

In their former motion defendants sought to have the action dismissed and stated as grounds therefor: ''The pretended writ, * * * does not mention the court to which it is returnable or the place of appearance, as required by law * * *.'' This was a motion to dismiss based upon abatable matter, viz., defects that were apparent upon the face of the writ. Therefore, it must be placed under class IV of dilatory pleas or motions. Gould's Pleadings, 4th ed., ch. V., secs. 132 and 133. A plea, or motion, raising questions as to lack of proper service

also falls within this same class. Gould's Pleadings, 4th ed., ch. V., sec. 135; 1 C. J. 111, sec. 171 and 1 C. J. S., Abatement and Revival, 127, sec. 87.

▮ After a dilatory plea, or motion, has been overruled, no second plea, or motion, of the same kind or class can be admitted. Gould's Pleadings, 4th ed., ch. V., sec. 3; *Boright* v. *Williams, supra,* at pages 246 and 247.

As to what is stated in the opinion as to appearances, it should be noted that plaintiff contended that those defendants who entered specially only by their conduct made such appearances become general. Both plaintiff and defendants briefed this question thus presenting the same for our consideration and hence the holding in the opinion to the effect that those defendants who appeared specially only are before the court on the special appearances entered by them, i. e., such appearances have not become general.

*Motion for reargument denied. Let full entry go down.*