# Chancy B. Smith v. Brattleboro Reformer, Inc.; Kelton Miller; Norman Runnion

[515 A.2d 1056]

No. 85-327

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 1, 1986

*Chancy B. Smith, Jr.*, pro se, South Burlington, Plaintiff-Appellant.

*Theodore C. Kramer* of *Crispe & Crispe*, Brattleboro, for Defendants-Appellees.

**Hill, J**. Plaintiff, Chancy B. Smith, Jr., appeals an order of the Windham Superior Court dismissing his libel action against the named defendants for insufficiency of process. We affirm the order as to Kelton Miller, and reverse it as to the Brattleboro Reformer, Inc. and Norman Runnion.

Plaintiff initiated this action by filing a pro se complaint in superior court pursuant to V.R.C.P. 4(a). Defendants responded by filing an answer to the complaint and a motion to dismiss for insufficiency of process. In their accompanying memorandum of law, defendants alleged that they never received a summons in this matter, and that plaintiff had thus failed to properly invoke

the court's jurisdiction. In his reply memorandum, plaintiff alleged proper service. He further asserted that the court was responsible for any failure of process that may have occurred, and that, in any event, defendants were not prejudiced as they had actual notice of the claim.

"[F]or a court to try and determine a cause, it must have jurisdiction of the subject-matter, of the process and of the person." *Howe* v. *Lisbon Savings Bank & Trust Co.*, 111 Vt. 201, 207, 14 A.2d 3, 6 (1940). The court clearly had subject matter and personal jurisdiction. The question that remains is whether the process used empowered it to exercise its judicial authority derived from law. *Id.* at 207-08, 14 A.2d at 6.

■ Defendants correctly point out that under V.R.C.P. 4(a) "it is the responsibility of the plaintiff to deliver to the person who is to make the service the necessary complaint and summons with appropriate copies." *Weisburgh* v. *McClure Newspapers, Inc.*, 136 Vt. 594, 596, 396 A.2d 1388, 1390 (1979). Although the rule places this responsibility on the plaintiff's attorney, in the absence of any contrary indication, the term "plaintiff's attorney" includes the party appearing without counsel. See V.R.C.P. 83(3); Reporter's Notes, V.R.C.P. 4(a).

Our review of the record reveals that plaintiff failed to serve defendant Miller with a summons. In fact, the sheriff explicitly stated in his return of service that he served a copy of the "complaint as requested, without a summons in said cause." In *Howe, supra*, 111 Vt. at 208, 14 A.2d at 8, this Court noted that defective process is either voidable or void. Process prohibited by law, or process that is not in substantial compliance with the statute, is void process. *In re Burlington Electric Department*, 141 Vt. 540, 545-46, 450 A.2d 1131, 1134 (1982) (citing *Howe, supra*, 111 Vt. at 213, 14 A.2d at 8). Process that is defective because not in the exact form required by statute is voidable only; it is valid until attacked and the defect can be cured by amendment. *Id.* at 545, 450 A.2d at 1134.

■ Failure to include a summons with the complaint is void process as it is not in substantial compliance with statutory requirements. " 'Such process cannot be amended but the defect may be waived and when this is done, in so far as it affects jurisdiction, the court is enabled to function.' " *Id.* at 546, 450 A.2d at 1134 (quoting *Howe, supra*, 111 Vt. at 213, 14 A.2d at 8). Defendant Miller clearly did not waive his objection to the defective pro-

cess. See *Myers* v. *Brown*, 143 Vt. 159, 167, 465 A.2d 254, 258 (1983) ("party who has received actual notice of a suit against him must raise all the jurisdictional objections listed in V.R.C.P. 12(h)(1) within the time and in the manner prescribed by that rule, else they are waived"). Consequently, the court was without jurisdiction to proceed against him.

The record does, however, show proper service upon defendants Brattleboro Reformer, Inc. and Norman Runnion as the returns of service on file indicate that the sheriff served copies of the summons and complaint upon those parties. Accordingly, the court's order must be reversed insofar as it purports to dismiss plaintiff's complaint against Brattleboro Reformer, Inc. and Norman Runnion.

*Plaintiff's complaint against Brattleboro Reformer, Inc. and Norman Runnion is reinstated; plaintiff's complaint against Kelton Miller is dismissed without prejudice. Cause remanded for further proceedings not inconsistent with this opinion.*