Vermont Superior Court
Filed 02/02/24
Caledonia Unit

VERMONT SUPERIOR COURT      CIVIL DIVISION
Caledonia Unit      Case No. 23-CV-04828
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



| Robert Bogie v. Kerri Whitcomb et al |
| --- |

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss (Motion: 1)
Filer:      Everett M. Secor
Filed Date:      December 20, 2023

The motion is GRANTED.

Defendant Whitcomb has filed a motion to dismiss the current ejectment complaint based on several alleged defects in Plaintiff Bogie's complaint and effort to terminate Defendant's tenancy.

This is an ejectment case. The legal right of ejectment, that is to legally and forcibly remove an individual or individuals from a dwelling unit where they previously had a right to occupancy and possession, a tenancy, is what is presently before the Court. 12 V.S.A. §§ 4761, et sec. But the right to seek the remedy of ejectment requires a landlord to first terminate the tenancy. 9 V.S.A. § 4468. For residential rental relationships that means terminating the agreement with proper notice as outlined under 9 V.S.A. § 4467.

In the present case, Defendant Whitcomb has raised four objections to the present objection matter, three of which fall under the claims that the notice of termination was not properly drafted or delivered, thereby rendering the underlying termination invalid. The Court will address each of these claims one by one.

Defendant seeks dismissal under the theory that Plaintiff incorrectly filled out and filed his CARES Act certification. The Court has consistently noted that issues with the CARES Act certification constitute a voidable issue rather than a void ab initio issue. *Howe v. Libson Sav. Bank & Trust Co.*, 111 Vt. 201, 208–13 (1940) (discussing voidable defects that give the Court discretion to allow amendment to cure an alleged defect where no harm or prejudice attaches). In this case, the CARES Act issue does not appear to be relevant to Plaintiff's ability to terminate or to affect the

timeframes for such notice. Plaintiff represents that he owns the property outright, and the CARES Act does not apply. Thus, any misstatement or misrepresentation appears to have arisen from confusion with the form and process and not an intent to avoid an obligation or mandatory timeframe. Dismissal based on this technical defect would be an overly rigorous application of a procedural rule that is inconsistent with the Court's obligation to give self-represented parties some limited leeway in application of procedural rules. *Zorn v. Smith*, 2011 VT 10, ¶ 22 (noting that "pro se litigants receive some leeway from the courts, [but] they are still bound by the ordinary rules of civil procedure")( (internal citations omitted).

Defendant's next three contentions concern the adequacy and method of delivering the notice of termination. Defendant asserts that the notice in this case was defective because it was not received by Defendant through actual notice, that the 14-day notice period was effectively a "floating" termination date, which is indefinite and confusing, and that Plaintiff's demands for payment were improper as they contained late fees.

A notice to terminate a tenancy under 9 V.S.A. § 4467 does not have formal requirements or require technical accuracy, but it must be written in a clear and straightforward manner so that the tenant can understand what the letter is convening. *Andrus v. Dunbar*, 2011 VT 48, ¶ 13 (,mem.). This includes, but is not necessarily limited to (1) language that conveys the purpose of the notice (the termination of the tenancy); (2) the grounds on which the termination is based (for non-payment of rent, for cause, or for no cause, etc.); (3) the specific date and time that the tenancy ends and that they must vacate the premises.[1] This notice must be provided by "actual notice," which is defined in 9 V.S.A. § 4451(1) to mean "receipt of written notice hand-delivered or mailed to the last known address." Id. The statute further notes that a "rebuttable presumption" exists where landlord can show that a notice of termination was sent first class or certified mail that the tenant receive the mailing three days later. This presumption can be rebutted by proof that the notice was not received or was returned.

---

[1] Under 9 V.S.A. § 4467(a), the landlord is not required to provide the tenant with a repayment amount in the notice of termination, but the landlord cannot maintain an action for termination or ejectment if the tenant pays or tenders rent due through the end of the rental period in which payment is made or tendered." See also 12 V.S.A. § 4773 (allowing a tenant to stop an ejectment by paying all rent, interests, and costs of the suit into the court any time prior to the execution of the writ of possession).

In the present case, Defendant's strongest argument is that she did not receive actual notice. As noted above, actual notice is, on its surface, intended to be less rigorous than formal service under V.R.C.P. 4 and through a process server, but it is not without rigor. Actual notice cannot be e-mailed or texted under 9 V.S.A. § 4451(1). It must be hand delivered, mailed, or otherwise given to a tenant in a manner that gives the document to the tenant in a clear and unmistakable manner. As Defendant notes, the notice in this case was sent by certified mail, and it was never received. Plaintiff has not contended that he sent the letter through other means, including first class mail.

While this lack of actual notice is, alone, sufficient grounds to dismiss the present complaint, when it is coupled with the other defects in the notice, including a lack of specific date of termination,[2] and the repayment amounts that include late fees, the Court is obligated to conclude that the defects are substantial and together constitute ample grounds for dismissal.

### ORDER

For the reasons reviewed above, the Court finds that Defendant's tenancy was not properly terminated, and the present action for ejectment lacks the necessary predicate of termination of tenancy under 9 V.S.A. § 4468 to maintain the action. Therefore, the Court dismisses the present action under V.R.C.P. 12(b). This dismissal does not prevent Plaintiff from further actions to terminate Defendant's tenancy. Nor does this dismissal relieve either party from their respective obligations under their lease agreement and the Vermont Residential Rental Act to provide rent for any months in which Defendant occupies the dwelling unit and for Plaintiff to maintain the premises.

Electronically signed on 2/1/2024 6:33 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

_____

[2] This is not to say that inserting the phrase "terminating in 14 days" is per se invalid. The Court has seen examples where a landlord has hand delivered a notice of termination with such a phrase where the phrase could only have one date since the hand delivery and acknowledgement starts the clock, but if something is being mailed, then using the phrase 14 days is likely to be ambiguous since it can be difficult to determine the exact day of receipt unless the mailing is certified.