Filed 01/12/26

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02084

---

Kip Scanlon v. State of Vermont

---

## ENTRY ORDER
(Reconsideration of Motion to Dismiss)[1]

The present action concerns what liability the State may have to an individual held without bail following a remote arraignment.

### Background Facts

To put this matter plainly, Plaintiff Kip Scanlon believes deeply that he was wronged by one or more state actors during a June 1, 2022 hearing in the criminal division concerning his arraignment in one docket (*State v. Scanlon*, 22-CR-4641) and status in another (*State v. Scanlon*, 27-9-20 Frcr). The facts from Mr. Scanlon's pleadings as well as the criminal docket in 22-CR-4641, of which the Court takes judicial notice,[2] show the following:

Mr. Scanlon was arrested in Winooski, Vermont on May 31, 2022 on charges of aggravated assault (13 V.S.A. § 1024(a)(1)); interference with access to emergency services (13 V.S.A. § 1031); and criminal threatening (13 V.S.A. § 1702)(a)). At the time of his arrest the

---

[1] The Court initially granted the State's Motion in April of 2024 as unopposed. Plaintiff indicated that he sought to oppose the motion and filed an appeal. The State agreed to remand the decision to allow Plaintiff time and opportunity to file an opposition. The Court conducted a hearing in this matter on November 13, 2025, and Plaintiff represented that he was satisfied with his subsequent filings and felt that they stated his opposition to the State's motion. From that process, the Court has taken the State's Motion to Dismiss back into consideration on the merits and makes the following ruling on the merits of the State's position.

[2] See *Doe v. Camacho*, 2024 VT 72, ¶ 2 n. 1 (a trial court may take judicial notice under V.R.E. 201(b) of facts not in reasonable dispute). Neither Mr. Scanlon, nor the State generally dispute what occurred in Docket No. 22-CR-4641. Rather the dispute lies in what Mr. Scanlon understood was occurring at various points, and the importance of what did or did not happen. As such, the Court finds that it may rely on the record from Docket No. 22-CR-4641 to flesh out the facts of what occurred and whether Mr. Scanlon has made out a claim as a matter of law that can survive the State's Rule 12(b)(6) Motion to Dismiss.

Chittenden County State's Attorney sought to have him held without bail pursuant to 13 V.S.A. § 7553a (permitting a court to hold a defendant without bail when the charges involve a felony act of violence and the risk of violence to another cannot be addressed by conditions of release).

As part of Mr. Scanlon's arrest and initial pre-arraignment processing, the Court ordered Mr. Scanlon held without bail consistent with the State's Attorney's request. Mr. Scanlon was transferred to the Northwest Correctional Facility until his arraignment could be held. On June 1, 2022, the Court found probable cause based on the State's Attorney's Information and supporting affidavit. On the same day, Mr. Scanlon was arraigned remotely. This means that he was put into a secure room in the correctional facility where he could hear and see the judge and attorneys on a screen and where they could see him. Mr. Scanlon's arraignment is detailed in the transcript attached to his original complaint.

At the arraignment, Mr. Scanlon was represented by Stacie Johnson, an attorney with the Chittenden Public Defender's Office. Ms. Johnson waived Mr. Scanlon's right to be arraigned in person. She also waived his Rule 5 rights including the requirements that the Judicial Officer read the charge to the Defendant and notify him of the rights to retain and consult counsel, to remain silent, the general circumstances to secure pre-trial release, the right to discovery, and collateral consequences. V.R.Cr.P. 5(d). Attorney Johnson also waived the so-called 24-hour rule under Rule 5(g) that gives a defendant no less than 24-hours to enter a plea to the charges after they are read. V.R.C.P. 5(g). Attorney Johnson then entered a not guilty plea to all three charges.

At that point, the State stated its position that Mr. Scanlon should be held without bail. Attorney Johnson did not contest the motion, but she requested that the Court set the matter for a bail hearing and allow Mr. Scanlon an opportunity to meet with his then-current attorney Kathy Strahm.

The Court accepted the waivers offered by Attorney Johnson, entered the not-guilty pleas and continued the order to hold Mr. Scanlon without bail as Attorney Johnson had not provided any grounds to contest the motion.

In his complaint, Mr. Scanlon contends that he did not approve of any of the waivers offered by Attorney Johnson, did not authorize her to make the arguments she made, and was generally confused about the process.

Approximately 19 days after this arraignment, Attorney Strahm, on Mr. Scanlon's behalf, struck an agreement with the State's Attorney to lift the Hold with Bail Order that included seven conditions of release. The Court set the matter for a status conference on June 21, 2022. From the record, the Court agreed to these conditions, and they were adopted. The hold without bail condition was dropped. Instead, Mr. Scanlon's conditions of release included: Condition 1 (come to court when you are told), Condition 2 (keep your attorney and the court clerk apprised of any changes to your contact information), Condition 4 (be released into the custody of a Responsible Adult), Condition 11 (24-hour curfew), Condition 13 (do not possess firearms or weapons), Condition 14 (no contact with A.B.), and Condition 31 (stay 500 feet away from A.B.). No bail was attached.

Mr. Scanlon was not released at that time due to the lack of a Condition 4 Responsible Adult, but the Court ruled that a hearing would be set as soon as Mr. Scanlon had such a person ready to review. On July 26, 2022, Attorney Strahm offered Mr. Scanlon's friend, Dennis Duffy, as a Condition 4 person for Mr. Scanlon. The Court had scheduled a hearing on July 28, 2022, and the record indicates that Mr. Duffy was considered. At the hearing, the State's Attorney objected to Mr. Duffy. The Court agreed that Mr. Duffy was not appropriate as a Condition 4 Responsible Adult and denied the request. Mr. Scanlon remained incarcerated for want of a Condition 4 person.

In August 2022, Mr. Scanlon moved for new counsel. In September, Attorney Strahm filed a motion for the Court to reconsider Mr. Duffy as a Condition 4 person. Attorney Strahm also moved to withdraw as counsel. The Court granted this motion, and Attorney Michael Straub entered an appearance as counsel for Mr. Scanlon. In September, Mr. Scanlon also sought to dismiss the charges against him based on the issues that he has raised with the June 1, 2022 arraignment.

In December, the Court ruled on the motion to reconsider Mr. Duffy as a Condition 4 Responsible Adult. The Court denied the motion, but it modified the conditions of release to include a bail amount of $1,500 and directed the Department of Corrections to determine if Mr. Duffy's residence would be suitable for electronic monitoring. Mr. Scanlon appealed this decision to the Vermont Supreme Court pursuant to 13 V.S.A. § 7556(b). In January 2023, the Vermont Supreme Court affirmed the Court's denial of Mr. Duffy as a Condition 4 person and affirmed the imposition of $1,500 bail. Mr. Scanlon remained incarcerated.

During this time, Mr. Scanlon and his counsel re-filed the motion to dismiss, and the Court set a hearing on January 30, 2023.[3] On February 1, 2023, the Court issued a decision finding no error in the arraignment procedure and found no prejudice to Mr. Scanlon. The Court declined to dismiss the case.

As the case proceeded, Mr. Scanlon took over his defense, and Mr. Straub became stand-by counsel. Mr. Scanlon continued to file paperwork with the Court challenging his arraignment and resulting pre-trial incarceration.[4] The case also continued to move slowly through discovery with multiple motions for protective orders and motions to compel during the discovery process. The Court revisited the issue of Mr. Scanlon's arraignment on May 17, 2023 when it denied several of his motions seeking reconsideration of the Court's denial of his motion to dismiss. The Court did the same on September 1, 2023 when it denied Mr. Scanlon's further filings that recast his motion to dismiss as a Constitutional Challenge to Jurisdictional Standing. In each case, the Court found no issue with the June 1, 2022 arraignment and no evidence of prejudice to Mr. Scanlon. Mr. Scanlon sought to file interlocutory appeals from these denials, but they were denied at both the trial court level and the Vermont Supreme Court level.

In December 2023, the State dismissed the charges against Mr. Scanlon, and he was released.[5]

**The Present Claims**

Mr. Scanlon has brought the present complaint seeking compensation for his loss of liberty from his arrest on May 31, 2022 until his release following the State's dismissal of the charges pending against him on December 14, 2023. Mr. Scanlon's complaint and amended complaint cite to the alleged issues with the June 1, 2022 arraignment as the basis for this claim, but Mr. Scanlon fails to cite to a statutory or constitutional basis for monetary compensation.

---

[3] Mr. Scanlon also filed an extraordinary appeal under V.R.A.P. 21 to challenge his arraignment. The Vermont Supreme Court denied this appeal on January 23, 2023 on the grounds that it did not comply with the standards of Rule 21 or explain why relief from the criminal division was not available.

[4] Mr. Scanlon filed over a dozen motions or letters to the Court and other parties stating and re-stating his belief the June 1st arraignment had been improper, and that his continued pre-trial incarceration was improper. The trial court appears, as summarized in this section, to have addressed these filings in batches, providing rulings and clarity where necessary.

[5] This event appears to have occurred a few months after Mr. Scanlon reached a plea agreement on several other pending dockets. See *State v. Scanlon*, Dockets 20-CR-2405, 20-CR-2016, 20-CR-2153, 20-CR-2154, and 20-CR-2134.

Mr. Scanlon's complaint fails to state a claim on which relief may be granted for three critical reasons.

## I. *Plaintiff Fails to Make Out a Claim on which Damages Can Be Awarded*

As a preliminary matter, Mr. Scanlon has only named the State of Vermont as a Defendant. While he mentions other state officers and actors, he has not sought to name or join them to the present lawsuit. As such, the Court may not consider his claims under 42 U.S.C. § 1983. *Bock v. Gold*, 2008 VT 81, ¶ 9 (affirming that 1983 claims for monetary damages against the state or officers in the official capacity must be dismissed). In lieu of a 1983 claim, Plaintiff does not offer any particular constitutional claim on which money damages may be based. For example, 13 V.S.A. § 5572 permits individuals to seek compensation from the state when they are wrongfully convicted, imprisoned, and later exonerated. While this statute does not apply in the present case, it is an example of where the legislature has created a claim for individual to seek compensation from the State for wrongful process.[6]

The problem is that Mr. Scanlon has made out general claims that his Rule 5 rights were violated by the June 1, 2022 arraignment, but he has not brought a 1983 claim in furtherance of any federal constitutional rights, and he has not shown what specific state constitutional rights were violated, and more importantly, whether any of those constitutional rights are self-executing. See *In re Town Highway No. 20*, 2012 VT 17, ¶¶ 29–38 (discussing whether a constitutional provision creates a substantially clear rule on which monetary damages may be premised). To date, the Court is unaware of any claim for monetary damages that has been successfully asserted against the State for conducting a defective arraignment in violation of the provisions of V.R.Cr.P. 5.[7]

---

[6] Plaintiff cites the Vermont Tort Claims Act in his original pleading but does not continue it in his amended complaint. Even if the Court were to consider such a claim, it is not applicable as the claim can only be brought for causes of action "comparable to a recognized cause of action against a private person." *Sutton v. Vermont Regional Center*, 2019 VT 71A, ¶ 36 (quoting *Sabia v. State*, 164 Vt. 293, 298 (1995)). Given that Mr. Scanlon's claims concern an allegedly improper criminal arraignment, the Court finds no private analog that would allow the claim to proceed under the Tort Claims Act.

[7] There are a number of cases where parties have asserted a claim for monetary damages for false arrest based on an improper delay in conducting an arraignment. See *WR Habeeb*, *Delay in Taking before Magistrate or Denial of Opportunity to Give Bail as Supporting Action for False Imprisonment*, 98 A.L.R.2d 966 (1964) (collecting cases where courts have considered monetary damages where an arraignment is delayed).

Without even basic pleading, the Court is left to speculate about the nature of Plaintiff's claim and the basis for relief sought. Plaintiff has an obligation to make out the basic claims and legal rights on which relief is premised. *Mullinnex v. Menard*, 2020 VT 33, ¶ 10. This threshold is exceedingly low, but it still requires Plaintiff to set forth the facts and legal claims on which the request for relief is premised. V.R.C.P. 8)(a); see also *Bock*, 2008 VT 81, at ¶ 4. For this reason, the Court finds that Plaintiff has failed to state a claim on which relief may be granted. V.R.C.P. 12(b)(6).

## II. *Plaintiff Fails to Link the Events of June 1, 2022 to His Extended Incarceration*

Plaintiff's claim also fails on its face to connect any of the alleged defects in his arraignment with his on-going incarceration, which he cites as the primary source of his injury. The facts of this case demonstrate that Mr. Scanlon was arrested and held pursuant to a pre-arraignment determination that he be held without bail that was made on May 31, 2022. At the June 1, 2022 hearing, Attorney Johnson entered a plea of not-guilty on Mr. Scanlon's behalf. This plea preserved all of Mr. Scanlon's rights to challenge the sufficiency of the charges and assert any defense at trial. While Attorney Johnson did waive certain Rule 5 rights, these are rights primarily intended to make the defendant aware of the charges facing him, the right to challenge the probable cause of the charges, the right to counsel, and the right to seek discovery and develop an evidentiary challenge to the charges. *State v. Bean*, 163 Vt. 457, 463 (1995). These are, as the reporter's notes to Rule 5 put it, preliminary matters. V.R.Cr.P. 5, rptr. n.

Most importantly, nearly every issue at the arraignment can be challenged again. This includes probable cause through a motion to dismiss under Rule 12 and conditions of release through 13 V.S.A. § 7554(d).

Therefore, the remedy in most cases where there is an issue with Rule 5 procedure is to simply address the issue. In this case, there is ample evidence that Mr. Scanlon sought and was given the opportunity to challenge nearly every facet of his criminal prosecution.

Mr. Scanlon's complaint and argument presume that because there were defects in his arraignment, the arraignment was not effective, and he should be treated as if he was never arraigned. This is a leap in logic that is not supported by Rule 5, any caselaw concerning arraignments, or even the record. Mr. Scanlon is making the error of confusing void and voidable procedure. As the Vermont Supreme Court has noted, voidable process is that where the defect is capable of being amended. *Howe v. Libson Sav. Bank & Trust Co.*, 111 Vt. 201,

208 (1940). In such cases, the process is valid until it is attacked, and then amendment is allowed to repair the defect. *Id*. Void process arises when a statute prohibits violating it or when the process is complete and not able to be amended. *Id*. at 209. Given the nature of Rule 5 rights and the continuing ability, in most cases, like the present one, for a defendant to continue his or her challenges and on-going right to amend and assert, the defects alleged by Plaintiff are at best voidable in that if they had been proven, they could have been fixed, and their alleged existence does not alter the fact that Mr. Scanlon was arraigned.

Finally, Mr. Scanlon's allegation that he was improperly held as a result of the June 1, 2022 arraignment is belied by the fact that his counsel sought and obtained conditions of release within three weeks of the arraignment. Mr. Scanlon was originally held without bail as a result of the State's unopposed motion. If one of the errors that Mr. Scanlon alleges is that Attorney Johnson failed to assert a timely opposition to this motion, it was effectively cured when Attorney Strahm got the State's Attorney to drop its position in exchange for the conditions of release. The fact that Mr. Scanlon was unable to obtain an acceptable Condition 4 person is a distinct matter and unrelated to the arraignment. In this respect, even the single most lasting impact from the June 1, 2022 arraignment was quickly modified and altered by subsequent process.

In total, the Court finds that there are no available facts that would support a claim of harm resulting from the June 1, 2022 arraignment, and Mr. Scanlon's continued pre-trial incarceration was due to matters outside the arraignment.

For these reasons, as well, the State's Motion to Dismiss is appropriate as there is no claim that Mr. Scanlon can sustain for damages as he was not injured, did not lose any substantive defense or rights in his criminal case, and was not improperly held as a result of the June 1, 2022 arraignment.

III. *The State and State Actors Are Entitled to Sovereign Immunity.*

Even if Mr. Scanlon could make out a claim and had the factual basis to assert it, the Defendant State of Vermont and its officers are entitled to immunity. As noted by the State in its motion, any and all of the judicial officers involved in Mr. Scanlon's case are entitled to absolute immunity from any liability claims arising against them from their official actions. *Politi v. Tyler*, 170 Vt. 428, 431 (2000). This immunity extends from judges to clerks and court staff in

the performance of their judicial functions. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). It also extends to the State of Vermont. *Czechorowski v. State*, 2005 VT 40, ¶ 29.

Attorney Johnson is also entitled to qualified immunity on two bases. First, pursuant to 13 V.S.A. § 5241(b), no ineffective assistance of counsel claim can be filed unless and until the plaintiff has prevailed in a claim for postconviction relief based on ineffective assistance of counsel. This provision extends to any public defender providing representation under contract or on an ad hoc basis. In this case, Mr. Scanlon has not sought or received such a determination.

Second, Attorney Johnson is entitled to qualified immunity because she was acting in the course of her employment, acting in good faith, and performing discretionary acts. *Czechorowski v. State*, 2005 VT 40, ¶ 29. There is no evidence that Attorney Johnson was acting against or in bad faith toward Mr. Scanlon. None of her actions resulted in a loss of rights to Mr. Scanlon nor did any prevent him from seeking to challenge or revise any of the terms, conditions, and defenses that were addressed at the arraignment. *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1996) (requiring evidence of some clear violation of established statutory or constitutional rights of which the official should reasonably have known). Attorney Johnson's actions, as legal judgments, were discretionary by their nature as they involved judgment, deliberation, and as some have characterized it, "the right to be wrong." *Libercent v. Aldrich*, 149 Vt. 76, 82 (1987) (noting that discretionary acts encompass judgment decisions where the maker may have to weigh and balance a variety of factors and policies that may, in fact, prove to be wrong).

For these reasons, the Court concludes that Attorney Johnson's actions at the June 1, 2022 arraignment fall under qualified immunity, and by extension any liability to the State from Attorney Johnson's actions is also covered by immunity.

Finally, the State is generally entitled to sovereign immunity, unless it has expressly waived it. *Stocker v. State*, 2021 VT 71, ¶ 21. Plaintiff has not suggested any basis to conclude that the State has made such a waiver, and none of his allegations fit within any of the statutory or common law exceptions. As such, the Court finds no basis to conclude that the State has waived any sovereign immunity in this matter.

## ORDER

Based on the foregoing, the State's Motion to Dismiss based on a failure to state a claim is **Granted.** V.R.C.P. 12(b)(6). The present matter is **Dismissed**. This Order shall constitute a final judgment, and each side shall bear its own costs and expenses.

Electronically signed on 1/8/2026 5:34 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge