ANNA M. BUTLER *v.* OSCAR E. JOHNSON.

October Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 4, 1942.

*H. J. Holden* for the plaintiff.

*John G. Kissane* for the defendant.

BUTTLES, J. This is an action in trespass in two counts brought by the plaintiff in Franklin Municipal Court. In the first count of her declaration she alleges that the defendant broke and entered a certain close of the plaintiff therein described, and being so entered cut down and destroyed certain maple trees, and took and carried

away the product of such trees, to wit, wood, logs and maple syrup to the value of five hundred dollars. In the second count it is alleged that the defendant broke and entered the plaintiff's said close, and being so entered took and destroyed certain fuel wood belonging to the plaintiff, of the value of sixty dollars, and took and carried away certain other chattels belonging to the plaintiff, to wit, maple syrup of the value of four hundred dollars. The defendant pleaded a general denial, together with a special plea. Trial by jury resulted in a verdict and judgment for the defendant and the plaintiff brings the case here upon exceptions. Is this action within the jurisdiction of the municipal court?

P. L. Sec. 1408 reads thus: "A municipal court shall have and may exercise within its territorial jurisdiction all the powers given by law to a justice court and such additional powers as may be given by law."

P. L. Sec. 1415 so far as here material provides that "a municipal court shall have jurisdiction of actions at law of a civil nature wherein the debt or demand is not over five hundred dollars and wherein the title to real estate is not involved."

P. L. Sec. 1438 provides that "a justice shall have jurisdiction of actions of a civil nature where the debt or other matter in demand does not exceed two hundred dollars, except actions for slanderous words, . . . and where the title to land is concerned, and shall have jurisdiction of actions for trespass on the freehold where the sum in demand does not exceed twenty dollars."

Since in this case the sum in demand is much in excess of twenty dollars it is unnecessary to inquire whether the municipal court would have jurisdiction of the case by virtue of P. L. Secs. 1408 and 1438 if such sum did not exceed that amount.

It is urged that previous decisions of this court as to the jurisdiction of justices of the peace are not here in point because of the difference in phraseology of the sections above quoted, the jurisdiction of a justice being excluded by Sec. 1438 where the title to land is *concerned,* and jurisdiction being given to a municipal court by Sec. 1415 in actions wherein the title to real estate is not *involved.* We cannot agree with this contention. One definition of the verb 'concern' given by Webster's New International Dictionary is 'to involve.' This court in *Village of Brattleboro* v. *Yauvey,* 101 Vt 314, 143 A 295, has treated these words, as used in the sections referred to. as having the same meaning and scope.

That was a case coming up from the Brattleboro municipal court and it was there held that the title to real estate was involved, the standard applied to determine that question being the same that was applied in *Jakeway* v. *Barrett,* 38 Vt 316, in determining whether the title to land was concerned and the jurisdiction of a justice of the peace thereby excluded. Other Vermont cases were also cited in which the jurisdiction of a justice was questioned under the provision of the statute which is now P. L. 1438.

The standard applied in the Jakeway case at page 326 of 38 Vt, as above stated, is that the jurisdiction depends upon the nature of the action, and that wherever the declaration is of such a character that under the general issue or any other plea merely putting the plaintiff to the necessity of proving his declaration, he is bound to either prove or disprove title to land, then the justice has no jurisdiction to try the case. But when the declaration is such as not to require the proof of title to land to sustain it, and such question only comes into the case by reason of some special line of defense, then the justice is not ousted of his jurisdiction to try the action. Our previous cases bearing on this point are then discussed and shown to be in harmony with the rule thus stated.

In *Heath* v. *Robinson,* 75 Vt 133, 53 A 995, the declaration was in two counts the first of which was in trespass for cutting down and destroying trees of the plaintiffs growing upon land which was not otherwise alleged to be the land or close of the plaintiffs. It is there said that whether the title to land is concerned depends upon the declaration. *Jakeway* v. *Barrett, supra,* is considered and it is pointed out that the basis of the holding in that case that the justice had jurisdiction was the fact that the grass which was the subject of the controversy was not alleged to have been growing on the land when, as alleged, it was taken and carried away. There was such an allegation in regard to the trees in the Heath case and it was held that the justice was without jurisdiction. The very close analogy of the first count in that case to the first count in the present case is apparent. See also *Dano* v. *Sessions,* 63 Vt 405, 21 A 922.

Neither waiver nor consent can confer jurisdiction of the subject matter upon any court where it is not given by law. *Howe* v. *Lisbon Savings Bank,* 111 Vt 201, 207, 14 A2d 3; *Smith et al* v. *White's Estate,* 108 Vt 473, 480, 188 A 901.

*Judgment affirmed.*