VERA GALANES ET AL. *v.* HAYNES BROS., INC.
November Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 4, 1944.

*Edward C. Barry* for the defendant.

*Ernest F. Berry* and *Richard E. Gale* for the plaintiffs.

MOULTON, C. J. This action in contract was brought to the Brattleboro Municipal Court. The declaration is in the common counts, with a specification setting forth that the plaintiffs would seek to recover a certain agreed price for timber cut from their land. The defendant corporation filed a plea, the material allegations of which are that it purchased the standing timber on land of Maude L. Coburn and her husband; that while the cutting was in progress a boundary dispute arose between the Coburns and the plaintiffs, and the defendant agreed with all of them that it would keep tally of the timber cut on the disputed parts of the land and would pay the agreed stumpage rates to the proper parties upon the settlement of the dispute; and that it held in its possession a stated sum of money, representing such stumpage rates, which it was ready and willing to pay to the rightful owner. There was a demurrer to the plea, which was sustained and the plea adjudged insufficient, but no exception to this ruling has been briefed, and so there is nothing for our consideration with regard to it. *Peck* v. *City Trust Co. et al.,* 104 Vt 20, 22, 156 A 403. The only issue for determination is raised by the defendant's motion to dismiss on the ground that title to land is involved in the action and therefore, under P. L. 1415, the Municipal Court had no jurisdiction. This motion was denied by the trial court, subject to exception.

Whether title to land is involved in an action before a Municipal Court depends upon the declaration and not upon the plea or course of trial. If the declaration is of such a character that under the general issue or other plea merely putting the plaintiff to the necessity of proving the material allegations therein he is bound to prove title to land, the court has no jurisdiction; but if proof of

title is not required in order to sustain the declaration, and the question is brought into the case by some special line of defense, there is no lack of legal authority to hear and determine the cause. The statutory denial of jurisdiction has effect only when, from the nature of the action as shown by the declaration, title to land is directly and necessarily in the case. *Butler* v. *Johnson,* 113 Vt 23, 25, 28 A2d 695; *Village of Brattleboro* v. *Yauvey,* 101 Vt 314, 318, 143 A 295; *Heath* v. *Robinson,* 75 Vt 133, 135, 53 A 995; *Dano* v. *Sessions,* 63 Vt 405, 21 A 922; *Clough* v. *Horton,* 42 Vt 10, 12; *Jakeway* v. *Barrett,* 38 Vt 316, 326; *Haven* v. *Needham et al,* 20 Vt 183, 184; and see *Luce* v. *Minard,* et al, 87 Vt 177, 180, 88 A 728. "There is hardly any form of action in which title or ownership of land may not incidentally arise, and it would be of infinite confusion and mischief to hold that in all actions whenever that is the case the jurisdiction ceases, and the parties are remitted to a new litigation in another forum." *Jakeway* v. *Barrett, supra.*

Here, the declaration in the common counts does not directly or necessarily present a question of title to land. By the specification it is indicated that plaintiffs' claim is based upon an agreement to pay for timber that has been cut, and is, therefore, personal property. See *Yale* v. *Seeley,* 15 Vt 221, 231; *French* v. *Freeman,* 43 Vt 93, 96; *Ross* v. *Hamilton,* 95 Vt 234, 236, 113 A 781.

From what has been said it follows that the defendant's contention that although the plea has been adjudged insufficient on demurrer it may still be regarded as a basis for the motion to dismiss is without merit.

There was no error in the denial of the motion.

*Judgment denying the motion to dismiss affirmed and cause remanded with leave to the defendant to apply for permission to replead.*